Filed 6/5/13 (Second of two modifications; first modification and unmodified opinion follow)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HERBERT W. STOLTENBERG, as Trustee, etc. et al., | B235731 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC322141) |
| v. | ORDER DENYING APPLICATION AND MODIFYING OPINION AND JUDGMENT |
| AMPTON INVESTMENTS, INC. et al., | |
| Defendants and Appellants. | |

THE COURT:

It is ordered that the opinion filed herein on April 4, 2013, be modified as follows:

Modify the Opinion on Denial of Application to Reinstate Appeal to read,

**OPINION ON DENIALS OF APPLICATIONS TO REINSTATE APPEAL AND PETITION FOR REHEARING**

**Following the April 4, 2013, issuance of our opinion in this appeal, defendants filed a motion to reinstate their appeal on May 3, 2013—one court day before our jurisdiction over the appeal would expire. Although defendants' counsel stated in the motion that they had complied with plaintiffs' information subpoena, that statement was not made under oath and no other evidence was provided, except an uncertified copy of the New York trial court's May 2, 2013, order to show cause that vacated the prior contempt order issued,** *pending a further hearing* **on May 30, 2013.**

On May 3, 2013, plaintiffs filed a "preliminary" opposition to defendants' motion to reinstate their appeal. That unsworn opposition disputed defendants' claimed compliance with plaintiffs' information subpoena and attached a copy of defendant Ampton Investment, Inc.'s purported handwritten responses to plaintiffs' questions in connection with the information subpoena.

On May 6, 2013—the last day upon which this court had jurisdiction over this appeal—defendants filed a supplement to their motion to reinstate their appeal. In the supplement, defendants' counsel represented that on May 6, 2013, the New York trial court denied plaintiffs' ex parte application to reinstate the contempt order. The supplement was filed with a request for judicial notice of (1) plaintiffs' May 6, 2013, application filed in the New York trial court for an order to show cause seeking to reinstate the New York trial court's prior contempt order; and (2) the New York trial court's May 6, 2013, order to show cause setting a hearing for May 30, 2013, on plaintiffs' application to reinstate the contempt order, but denying plaintiffs' request for immediate reinstatement of the contempt order pending the hearing on the order to show cause.

On May 15, 2013, defendants filed a renewed motion to reinstate and petition for rehearing, in which they supplied a declaration of a New York attorney along with requests for judicial notice and New York court orders. These filings basically reiterate what defendants stated in their first application, but now in the form of a sworn statement and with copies of court orders. Plaintiffs submitted evidence that defendants still had not complied with the subpoenas and that defendants had demanded a protective order that would effectively bar plaintiffs from using the disclosed information to enforce the judgment. Plaintiffs noted that defendants never moved for a protective order. Plaintiffs asserted that the New York judge's

2

discomfort with California's disentitlement doctrine may be the reason for his vacating the contempt order.[1]

On May 31, 2013, defendants submitted a "supplement" to their motion in which their attorney stated in a declaration that in a further court proceeding before the New York court on May 29, 2013, defendants provided further information subject to a protective order upon which the parties did not agree. Defendants still had pending a motion to vacate the entry of the California judgment in New York—a motion that has been pending for sometime. According to defendants' counsel, the New York court, being informed of the June 5, 2013, deadline of this court to reinstate the defendants' appeal, nevertheless failed to rule and instead stayed proceedings pending further court order. According to defendants, the court indicated that the parties could expect rulings in 10 days. Thus, matters basically have not changed in any material respect since our last ruling.

Defendants have not demonstrated that they have complied with court orders. The contempt order seemingly was not vacated pending a further hearing on the ground that defendants were in compliance with court orders. Moreover, no formal contempt order is required for application of the disentitlement doctrine. (See *Stone v. Bach* (1978) 80 Cal.App.3d 442, 444-445.)

Defendants have had two months since our initial opinion to provide us with a competent and unequivocal showing that they had complied fully with plaintiffs' information subpoena and that the New York court had made an express finding of full compliance. Defendants and plaintiffs have both provided their versions of the oral proceedings before the court, but apparently those proceedings were "off the record." Had the New York trial court, knowing of our deadline, considered our

---

[1]    The fugitive disentitlement doctrine exists in New York. (See *Wechsler v. Wechsler* (N.Y.App.Div. 2007) 847 N.Y.S.2d 26; *In the Matter of Joshua M. v. Dimari N.* (N.Y.App.Div. 2004) 780 N.Y.S.2d 218; *Peppin v. Lewis* (N.Y. Fam. Ct. 2002) 752 N.Y.S.2d 807.

**dismissal order inequitable, that court presumably would have acted upon the pending motions before it with respect to compliance with its orders. Moreover, it was defendants' burden to provide us with an adequate record, and that would include a transcript of a proceeding "on the record" or a reasonable substitute for such a transcript. (See Cal. Rules of Court, rule 8.137.) Defendants have been making last-minute efforts to avoid the disentitlement doctrine, but these efforts are too little and too late.**

**Accordingly on the record before us, we deny defendants' present applications to reinstate the appeal and petition for rehearing.**

This modification changes the judgment.

---

MOSK, Acting P. J.　　　.　　　　　　　　　　KRIEGLER, J.

4

Filed 5/6/13 (first modification; unmodified opinion follows)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HERBERT W. STOLTENBERG, as Trustee, etc. et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> AMPTON INVESTMENTS, INC. et al., <br><br> Defendants and Appellants. | B235731 <br><br> (Los Angeles County Super. Ct. No. BC322141) <br><br> ORDER DENYING APPLICATION AND MODIFYING OPINION AND JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on April 4, 2013, be modified as follows:

Add after the signatures on page 12 the following:

**OPINION ON DENIAL OF APPLICATION TO REINSTATE APPEAL**

**Following the April 4, 2013, issuance of our opinion in this appeal, defendants filed a motion to reinstate their appeal on May 3, 2013—one court day before our jurisdiction over the appeal would expire. Although defendants' counsel stated in the motion that they had complied with plaintiffs' information subpoena, that statement was not made under oath and no other evidence was provided, except an uncertified copy of the New York trial court's May 2, 2013, order to show cause that vacated the prior contempt order issued,** *pending a further hearing* **on May 30, 2013.**

**On May 3, 2013, plaintiffs filed a "preliminary" opposition to defendants' motion to reinstate their appeal. That unsworn opposition disputed defendants'**

claimed compliance with plaintiffs' information subpoena and attached a copy of defendant Ampton Investment, Inc.'s purported handwritten responses to plaintiffs' questions in connection with the information subpoena.

On May 6, 2013—the last day upon which this court had jurisdiction over this appeal—defendants filed a supplement to their motion to reinstate their appeal. In the supplement, defendants' counsel represented that on May 6, 2013, the New York trial court denied plaintiffs' ex parte application to reinstate the contempt order. The supplement was filed with a request for judicial notice of (1) plaintiffs' May 6, 2013, application filed in the New York trial court for an order to show cause seeking to reinstate the New York trial court's prior contempt order; and (2) the New York trial court's May 6, 2013, order to show cause setting a hearing for May 30, 2013, on plaintiffs' application to reinstate the contempt order, but denying plaintiffs' request for immediate reinstatement of the contempt order pending the hearing on the order to show cause.

Defendants have not provided us, in a timely fashion, with a competent and unequivocal showing that they had complied fully with plaintiffs' information subpoena, that the New York trial court had made an express finding of full compliance and vacated the contempt order, and that no further proceedings were pending or contemplated concerning the contempt order. Defendants have submitted information not under oath that suggests they made last-minute efforts to comply with the information subpoena, but that further proceedings concerning that compliance were pending in the New York trial court.

Accordingly, we deny at this time defendants' application to reinstate the appeal.

This modification changes the judgment.

---

MOSK, Acting P. J.                                                KRIEGLER, J.

2

Filed 4/4/13 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HERBERT W. STOLTENBERG, as Trustee, etc. et al., | B235731 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC322141) |
| v. | |
| AMPTON INVESTMENTS, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Terry A. Green, Judge.  Dismissed.

Akerman Senterfitt, James G. McCarney; Sheppard, Mullin, Richter & Hampton and Robert T. Sturgeon for Defendants and Appellants.

Love & Erskine, Richard A. Love, Kathleen M. Erskine; Greines, Martin, Stein & Richland and Marc J. Poster for Plaintiffs and Respondents.

1

# INTRODUCTION

Defendants, an individual and a corporation, appealed from a California judgment in favor of plaintiffs, but did not post a bond to stay enforcement of the judgment. Plaintiffs, after registering the judgment in New York where defendants are located, attempted to enforce the registered sister-state judgment there by serving a subpoena seeking financial information from the corporate defendant. Defendants did not comply with the subpoena or with a New York trial court order compelling them to respond to it. As a result, the New York trial court held defendants in contempt. In dismissing defendants' appeal under the disentitlement doctrine, we hold that the doctrine applies to noncompliance with and contempt of New York trial court orders, which noncompliance and contempt directly affect and frustrate the enforcement of a California judgment.

# FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, the trial court entered a judgment on the verdict in favor of plaintiffs and respondents,[1] awarding them a total of $8,516,704 in compensatory damages, plus costs.[2] Defendants Ampton Investments, Inc. and Laurence Strenger[3] (defendants) filed a timely notice of appeal from the judgment but did not, pursuant to

---

[1]     Plaintiffs and respondents are Herbert W. Stoltenberg, trustee of the 1680 Property Trust; Michael L. Epsteen, trustee of the Michael L. Epsteen Trust; Stephen Ellis Gordon, trustee of the Stephen Ellis Gordon and Linda S. Gordon Revocable Trust; and Ruth Ann Runnels LaMonica, trustee of the LaMonica Family Trust. We refer to them collectively as plaintiffs.

[2]     The jury found that defendants acted with "malice or oppression," but did not award plaintiffs any amount for punitive damages.

[3]     The affidavit executed by plaintiffs' New York attorney in support of the second order to show cause states in paragraph 5 that "[d]efendant Laurence N. Strenger is the Chief Executive Officer, Managing Director, General Counsel, and a principle shareholder of Ampton [Investments, Inc.]."

2

Code of Civil Procedure 917.1, post a bond to stay enforcement of the judgment. Instead, defendants filed a petition for a writ of supersedeas to stay enforcement of the judgment pending appeal, which petition this court denied.

Because enforcement of the judgment was not stayed, plaintiffs registered their California judgment in the State of New York (N.Y. C.P.L.R 5401, et seq.), where defendants are domiciled, and initiated enforcement proceedings in the courts of that state. Among other steps, plaintiffs served a subpoena on defendant Ampton Investments, Inc.[4] for financial information, but defendants did not comply with it.

Plaintiffs then obtained from the New York trial court an order to show cause why defendants should not be held in contempt. Defendants objected and moved to stay all judgment enforcement proceedings. The New York trial court found there was no basis for a stay and ordered both defendants to respond to the financial information subpoena within ten days. The court's order stated, "Failure to comply with this Order may result in [defendants] being held in contempt." Nevertheless, defendants did not comply with that order.

Plaintiffs next obtained a second order to show cause why defendants should not be held in contempt. Defendants filed a cross-motion to dismiss the contempt proceeding contending that they were not served properly with the order to show cause and other underlying orders. Plaintiffs replied with their proof of proper service of the order to show cause on defendants. The New York trial court entered an order finding defendants in contempt, fining them $500, and ordering them to comply with the outstanding subpoena within 30 days or face further sanctions, including costs. Plaintiffs gave notice

---

[4] The declaration of plaintiffs' attorney in support of the motion to dismiss states in paragraph 9 that "[p]laintiffs issued subpoenas for financial information," presumably one to the corporate defendant Ampton Investments, Inc. and one to the individual defendant Laurence Strenger. In that same paragraph, plaintiffs' attorney further states that "[p]laintiffs did not comply with the subpoenas." The only New York subpoena in the record, however, appears to be directed to Ampton Investments, Inc. alone. This point is not discussed by the parties and, in any event, both the initial order requiring defendants to respond to the subpoena and the subsequent order finding defendants in contempt were issued against Ampton Investments, Inc. and Laurence Strenger.

of entry of the contempt order, but defendants still did not comply with the subpoena, the order compelling compliance with it, or the contempt order.

In response to defendants' noncompliance with and contempt of the orders of the New York trial court, plaintiffs filed in this court a motion to dismiss defendants' appeal based upon the disentitlement doctrine. Defendants filed a notice of appeal in New York, purporting to appeal from "the Judgment from the Superior Court for the State of California, County of Los Angeles as entered in the Supreme Court of the State of New York," the initial order compelling compliance with the subpoena, and the subsequent contempt order. Defendants also filed their opposition to the motion to dismiss the appeal in this court contending that the disentitlement doctrine cannot be based on noncompliance with trial court orders from another jurisdiction and that, in any event, the New York trial court orders were not final and were pending appeal in that jurisdiction.

Plaintiffs subsequently filed a supplemental motion to dismiss this appeal, arguing that defendants' continued noncompliance with the New York trial court orders, including defendants' failure to comply with the subpoena within 30 days of the contempt order, had, in effect, placed defendants in "double contempt." Defendants then paid the $500 sanction required by the contempt order but, to date, have not complied with that portion of the contempt order requiring them to respond to plaintiffs' financial information subpoena. Defendants responded to plaintiffs' second supplemental motion to dismiss the appeal, maintaining, inter alia, that defendants had paid the $500 fine required by the contempt order. We requested letter briefing on certain issues related to the motion to dismiss the appeal, to which letter the parties responded.

Plaintiffs most recently filed a motion in the New York trial court for further sanctions pursuant to the contempt finding against defendants. Plaintiffs also filed in this court a second supplemental motion for judicial notice[5] advising that defendants had not yet complied with the New York trial court order compelling compliance with the

---

[5]    We grant each of the parties' respective motions for judicial notice.

information subpoena or the contempt order. Based on the foregoing, we scheduled the motion to dismiss the appeal for oral argument.

## DISCUSSION

### A. Disentitlement Doctrine

An appellate court has the inherent power, under the "disentitlement doctrine," to dismiss an appeal by a party that refuses to comply with a lower court order. (See, e.g., *Moffat v. Moffat* (1980) 27 Cal.3d 645, 652; *MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277; *Knoob v. Knoob* (1923) 192 Cal. 95, 96-97; *TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377, 378-379; see also 1 Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) § 5:37.2, pp. 5-20 to 5-21.) As the Supreme Court observed in *MacPherson v. MacPherson*, *supra,* 13 Cal.2d at page 277, "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]"

We recently explained the equitable rationale underlying the doctrine. "'Dismissal is not "'a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance'" with a presumptively valid order. [Citation.]' [Citation.] . . . [¶] Appellate disentitlement 'is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction . . . .' (*People v. Puluc-Sique* (2010) 182 Cal.App.4th 894, 897 [106 Cal.Rptr.3d 365]." (*In re E.M.* (2012) 204 Cal.App.4th 467, 474.) No formal judgment of contempt is required; an appellate court "may dismiss an appeal where there has been *willful disobedience or obstructive tactics.* (*Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1683.)" (*In re Claudia S.* (2005) 131 Cal.App.4th 236, 244, italics added.) The doctrine "is based upon fundamental equity and is not to be frustrated by technicalities." (*Stone v. Bach* (1978) 80 Cal.App.3d 442, 444.)

5

The disentitlement doctrine has been applied in a diverse number of cases,[6] including cases such as this one in which an appellant is a judgment debtor who acts to frustrate or obstruct legitimate efforts in a trial court to enforce a judgment. For example, in *TMS, Inc. v. Aihara, supra,* 71 Cal.App.4th 377, the appellants and judgment debtors—an individual sole shareholder and two corporations he controlled—were sanctioned and ordered by the trial court to answer postjudgment interrogatories "designed to secure information to aid in the enforcement of a money judgment against them." (*Id.* at p. 378.) In response, the individual appellant moved to Japan and refused to assist his attorneys in answering the postjudgment interrogatories. (*Id.* at pp. 378-379.) The court concluded that it was "undisputed [that the appellants had] willfully refused to comply with [the trial court's order to answer interrogatories]" and that "[g]iven [the appellants'] willful disobedience of the trial court's order . . . , we dismiss their appeal from the judgment." (*Id.* at p. 379.)

Similarly, in *Stone v. Bach, supra,* 80 Cal.App.3d 442, the trial court entered a judgment dissolving a partnership and dividing assets. (*Id.* at p. 443.) The judgment recited that the appellant had previously been ordered to deposit partnership monies collected by him into a trustee account, which he had not done. (*Ibid.*) Prior to the judgment, the appellant had been found in contempt for failing to deposit partnership

---

[6]    "The power to dismiss an appeal for refusal to comply with a trial court order has been exercised in a variety of circumstances, including: where a parent had taken and kept children out of the state in violation of a divorce decree (*MacPherson v. MacPherson*, *supra*, 13 Cal.2d at pp. 272-273; *Knoob v. Knoob*, *supra*, 192 Cal. at p. 96); where a husband had failed to pay alimony as ordered in an interlocutory judgment of divorce (*Kottemann v. Kottemann* [(1957)] 150 Cal.App.2d [483,] 484); where a party in a civil action was a fugitive from justice and in contempt of the superior court for failure to appear on criminal charges after being released on bail (*Estate of Scott* [(1957)] 150 Cal.App.2d [590,] 591-592); and where defendants willfully failed to comply with trial court orders regarding a receivership. (*Alioto Fish Co. v. Alioto*, *supra*, 27 Cal.App.4th at pp. 1682-1685.) Moreover, the inherent power to dismiss an appeal has been exercised in several cases where a party failed or refused to appear for a judgment debtor examination. (*Say & Say v. Castellano* [(1994)] 22 Cal.App.4th [88,] 94; *Stone v. Bach*, *supra*, 80 Cal.App.3d at pp. 443-444; *Tobin v. Casaus* [(1954)] 128 Cal.App.2d [588,] 589, 593.)" (*TMS, Inc. v. Aihara, supra*, 77 Cal.App.4th at pp. 379-380.)

monies into the trustee account, and, after the judgment, he was again found in contempt, this time for failing to appear for a judgment debtor examination. (*Id.* at pp. 443-444.) Based on these facts, the court concluded, "Our duty in these circumstances is clear. [The appellant's] conduct is intolerable. *It demonstrates a deliberate effort to achieve a stay of execution of the money judgment against him without complying with legal procedures*. At oral argument, his reason for refusal to comply with the trial court's orders to deposit partnership funds into trust and to be sworn for examination was that the orders and the judgment of the court are invalid, as he will assertedly demonstrate during the appeal. This is the worst kind of bootstrapping. A trial court's judgment and orders, all of them, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods." (*Id*. at p. 448, italics added.)

In *Tobin v. Casaus, supra,* 128 Cal.App.2d 588, the appellant appealed from a personal injury judgment against him, but no stay of execution was sought or granted. (*Id.* at p. 589.) In the trial court, a receiver was appointed to take over certain of the appellant's assets and a judgment debtor examination of the appellant was scheduled. (*Ibid.*) When the appellant failed to appear for the examination, a bench warrant issued for his arrest. (*Ibid.*) The respondent moved to dismiss the appeal because, as of the time of the motion, the appellant still had not surrendered on the warrant or otherwise satisfied the demand of the trial court for his appearance. (*Ibid.*) Based on these facts, the court dismissed the appeal, (*id.* at p. 593) saying, "Thus [the] appellant, with full information obtained through this proceeding if in no other way, knew for at least three weeks that he was being sought by the court and that a bench warrant for his arrest had been issued. . . . It seems incredible that with the imminent prospect of losing his right of appeal in this case, [the] appellant would persist in ignoring the court process." (*Id.* at p. 592.) The court added, "The right to an appeal must not be lightly forfeited, and where a doubt exists as to a litigant's conduct being contumacious or wilful, an appellate court will tolerate temporarily the acts which were disruptive of the judicial process. We always prefer to resolve a cause on its merits; once the rights of the parties have been determined

7

with finality, then the thwarted authority and offended dignity of the court may be assuaged with condign sanctions to the extent of the affront. [¶] But in the instant case we are dealing with a litigant who not only has previously failed to appear as ordered, but who up to this very time remains a fugitive from justice. Apparently he is unwilling to respond to a court order with which he disagrees, but seeks to obtain on appeal a conclusion with which he may be satisfied. As stated in *Soderberg v. Soderberg* (1923) 63 Cal.App. 492, 494, 'Defendant is in no position to stipulate with the court under what terms and conditions he will comply with the judgment.' There may be no infringement 'upon the court's inherent power to ignore the demands of litigants who persist in defying the legal orders and processes of this state.' (*MacPherson v. MacPherson, supra,* at p. 279)" (*Id.* at p. 592-593; see *Say & Say v. Castellano, supra,* 22 Cal.App.4th at p. 94.)[7]

### B.    Application of Disentitlement Doctrine

In this case, defendants, as the appellants in *TMS, Inc. v. Aihara, supra,* 71 Cal.App.4th 377, have been ordered by a trial court to respond to a postjudgment discovery designed to obtain information to aid in the enforcement of the judgment being appealed. In addition, they have been found to be in contempt of that order. Their conduct "demonstrates a deliberate effort to achieve a stay of execution of the money judgment against [them] without complying with legal procedures." (*Stone v. Bach, supra,* 80 Cal.App.3d at p. 448.) Such willful disobedience and obstruction of presumptively valid orders can, and in this case does, provide a basis upon which to dismiss the appeal under the disentitlement doctrine.

Defendants, as the appellant in *Stone v. Bach, supra,* 80 Cal.App.3d 442, attempt to justify their willful disobedience of a trial court's orders—in this case issued by a New York trial court—by contending that those orders are invalid and therefore subject to

---

**7**    See also *Empire Blue Cross and Blue Shield v. Finklestein* (2d Cir. 1997) 111 F.3d 278, 282 [judgment debtor was disentitled to appeal judgment because he failed to comply with orders to appear in connection with posttrial enforcement proceedings]; *Motorola Credit Corp. v. Uzan* (2d Cir. 2009) 561 F.3d 123, 130, fn. 7 [evasion of enforcement procedure may invoke disentitlement doctrine].

reversal on appeal. "This is the worst kind of bootstrapping." (*Id.* at p. 448.) Those orders are presumptively valid and must be obeyed and enforced. Under New York law, orders must be obeyed unless and until reversed on appeal. (See *McCain v. Giuliani* (1997 N.Y.App.Div.) 653 N.Y.S.2d 556, 557; *Seril v. Belnord Tenants Association* (1988 N.Y.App.Div.) 526 N.Y.S.2d 462, 463-464.) Defendants have instead obstructed the enforcement of those orders, thereby frustrating the enforcement of the California judgment from which they appeal. This conduct is of the type to which the disentitlement doctrine has been applied.

Defendants contend that the disentitlement doctrine cannot be applied to a California appellant that is in violation of a trial court order from another jurisdiction. They point to the quote in *MacPherson v. MacPherson, supra,* 13 Cal.2d at page 277 explaining that the disentitlement doctrine bars a party from seeking "the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt *to legal orders and processes of the courts of this state*." (Italics added.) Defendants further assert that the "fugitive disentitlement doctrine," by which federal courts have dismissed appeals of a judgment against an appellant outside the jurisdiction because he or she is a fugitive from a related criminal prosecution, is not relevant as it arises under a specific statute—28 U.S.C. section 2466.[8] According to defendants, because California's legislature has not specifically provided that the disentitlement doctrine applies to orders

---

[8] That statute was enacted in response to *Degen v. United States* (1996) 517 U.S. 820, in which the United States Supreme Court held that the fugitive disentitlement doctrine should not apply in a civil forfeiture action when the claimant is a fugitive from a related criminal prosecution. (*Collazos v. United States* (2d Cir. 2004) 368 F.3d 190, 198; see *Empire Blue Cross and Blue Shield v. Finklestein, supra,* 111 F.3d at p. 282 [distinguishing *Degen* saying, "We hold that we have discretion to dismiss the appeal of a civil litigant who becomes a fugitive to escape the effect of the civil judgment"].) The United States Supreme Court has said, "the justifications we have advanced for allowing appellate courts to dismiss pending fugitive appeals all assume some connection between a defendant's fugitive status and the appellate process, sufficient to make an appellate sanction a reasonable response." (*Ortega-Rodriguez v. United States* (1993) 507 U.S. 234, 244; see *United States v. Morgan* (2d Cir. 2001) 254 F.3d 424, 427.)

9

of sister-state courts, we should not extend the doctrine to such orders in this case. There are, however, federal authorities that predate the enactment of 28 U.S.C. section 2466 and do not limit the disentitlement doctrine to trial court orders from the same jurisdiction as the appellate court. (See, e.g., *In re Prevot* (6th Cir. 1995) 59 F.3d 556, 566; *Conforte v. C.I.R.* (9th Cir. 1982) 692 F.2d 587, 589; *Broadway v. City of Montgomery, Alabama* (5th Cir. 1976) 530 F.2d 657, 659.)[9]

Neither the court in *MacPherson v. MacPherson, supra,* 13 Cal.2d at page 277, nor the other California cases that repeat the phrase "courts of this state," dealt with the issue of whether the disentitlement doctrine could be based on contempt or frustration of court orders issued by trial courts that were not "courts of this state." There is no indication in any of those cases that the language upon which defendants rely was intended to exclude the application of the disentitlement doctrine to sister-state orders or judgments.

There is no basis in logic or law to support the conclusion that we should treat a New York trial court's orders differently than ones entered in this state. Article IV, section 1 of the United States Constitution provides in pertinent part, that "Full Faith and Credit shall be given in each state to the Public Acts, Records, and judicial proceedings of every other state." Title 28 of the United States Code section 1738 implements the full faith and credit clause by providing, in substance, that judicial proceedings of any state are entitled to the same treatment in every court within the United States as they have by law or usage in the courts in which they occurred.

Had plaintiffs attempted to enforce the judgment in California by propounding postjudgment special interrogatories seeking defendants' financial information,[10] including information about assets defendants may have in New York, the disentitlement doctrine would have applied to any noncompliance with the California trial court's orders

---

[9]     The United States Supreme Court applied the fugitive disentitlement doctrine as early as 1876. (*Smith v. United States* (1876) 94 U.S. 97.)

[10]    Code of Civil Procedure section 708.020.

10

compelling responses to those interrogatories. (*TMS, Inc. v. Aihara, supra,* 71 Cal.App.4th at pp. 378-380.)  For purposes of the disentitlement doctrine, there is no meaningful distinction between New York trial court orders and California trial court orders related to enforcement of a California judgment.  The orders of the New York court in issue were based solely on a California money judgment and were intended to aid in the enforcement of that judgment.  Thus, by violating those orders, defendants are obstructing and frustrating the enforcement of a judgment of this state, while at the same time seeking relief concerned that judgment in this court.  Under the well-established disentitlement doctrine, defendants are not entitled to the relief they seek on appeal.

Because defendants have repeatedly, and in contempt of sister-state orders, frustrated the enforcement of the California judgment being appealed, we apply the disentitlement doctrine to dismiss the appeal.  In doing so, we reject defendants' request that in the event we apply the disentitlement doctrine, we stay, rather than dismiss immediately, the appeal to allow defendants to reconsider their determination not to comply with the New York subpoena and the New York trial court orders.  (See, e.g., *Alioto Fish Co. v. Alioto, supra,* 27 Cal.App.4th at p. 1691; *Tobin v. Casaus, supra,* 128 Cal.App.2d at p. 593.)  This dismissal does not become final for 30 days, during which time defendants can seek reinstatement of the appeal.  (Cal. Rules of Court, rules 8.264(b)(1); 8.264(c); 8.268(a)(1); see *Stone v. Bach, supra,* 80 Cal.App.3d at pp. 448-449.)  But we do not suggest or imply how we might act upon such a request or petition.

**DISPOSITION**

The appeal is dismissed.  Plaintiffs shall recover their costs on appeal.

**CERTIFIED FOR PUBLICATION**


                                        MOSK, Acting P. J.


We concur:


        KRIEGLER, J.


        O'NEILL, J.[*]

---

[*]        Judge of the Superior Court of Ventura County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.