Filed 1/29/15  Koudriavtseva v. Versailles on the Lake CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLA KOUDRIAVTSEVA,<br><br>   Plaintiff and Appellant,<br><br>     v.<br><br>VERSAILLES ON THE LAKE, LTD. et al.,<br><br>   Defendants and Respondents. | G047114<br><br>(Super. Ct. No. 30-2010-00362027)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert D. Monarch, Judge (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Luis A. Rodriguez, Judge.  Motion to dismiss appeal granted.  Appeal dismissed.

Shustak & Partners and Jennifer S. Hegemier for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Seymour B. Everett and Tracy M. Lewis for Defendants and Respondents.

\*        \*        \*

THE COURT:*

Defendants filed a motion to dismiss plaintiff's appeal based on the disentitlement doctrine. Defendants contend plaintiff's willful disobedience of a trial court order precludes her appeal. We agree and dismiss the appeal.

BACKROUND

Plaintiff Alla Koudriavtseva sued the owner and the property manager of her apartment complex (defendants), seeking compensation for personal injuries and property damage allegedly caused by exposure to mold in her apartment. A five-week jury trial ended in a defense verdict and a judgment against Koudriavtseva for costs amounting to $111,169.

On June 28, 2012, plaintiff appealed the judgment, but did not post a bond to stay enforcement. Defendants commenced postjudgment discovery to enforce the judgment, obtaining a February 28, 2013, court order to conduct a debtor's exam on April 25, 2013. On March 5, 2013, plaintiff filed a substitution of attorney, relieving her counsel of record and substituting herself in propia persona. She provided a residential address in San Diego for service. Defendants attempted several times during March 2013 to personally serve plaintiff at the San Diego address with notice of the debtor's exam, but were never able to serve her.

In April 2013, defendants served plaintiff by mail with postjudgment requests for production of documents and special interrogatories. When plaintiff failed to respond to the written discovery, defendants moved to compel, but the trial court denied the motion "upon a procedural technicality." In November 2013, defendants served plaintiff again by mail with the same written discovery. Plaintiff once more failed to respond to the discovery. Defendants filed a new motion to compel in March 2014, with the hearing set for May 1, 2014.

_____

*        Before O'Leary, P.J., Bedsworth, J., and Thompson, J.

2

Plaintiff submitted no written opposition to the motion to compel and did not appear at the hearing. In an order issued May 6, 2014, the trial court granted the motion to compel, ordering plaintiff to provide written discovery responses within 15 days of the order and to pay monetary sanctions of $1,124 to defendants.

On June 6, 2014, defendants served plaintiff with notice of entry of the May 6 order to respond to the written discovery and to pay sanctions within 15 days. Two months later, plaintiff still had not complied with any part of the May 6 order. On September 10, 2014, defendants filed the instant motion to dismiss plaintiff's appeal pursuant to the disentitlement doctrine (explained *infra*). Defendants argued in the motion plaintiff's "obstructive tactics and willful violation of a Superior Court order" justify dismissal of her appeal.

Appellate pro bono counsel for plaintiff filed an opposition to the motion to dismiss the appeal, and a sur-reply. These documents argued plaintiff's failure to comply with the trial court's May 6 order reflected not willful disobedience, but rather plaintiff's inability to function due to psychological problems, emotional fragility and poverty. Plaintiff's counsel stated in a declaration she and plaintiff had been working together "over the last week" to respond to the written discovery. Counsel asked this court for a few weeks to complete the task.

On November 6, 2014, this court issued an order continuing consideration of the motion for one month to allow plaintiff "time to comply with the trial court order" of May 6 and thereby avoid dismissal of the appeal. The order directed the parties to report to this court by letter filed no later than December 4, 2014, whether plaintiff had complied with the May 6 order.

Defendants timely reported plaintiff did not comply with the trial court order by the December 4 deadline. Plaintiff filed no report.

3

DISCUSSION

A.  Disentitlement Doctrine

"An appellate court has the inherent power, under the 'disentitlement doctrine,' to dismiss an appeal by a party that refuses to comply with a lower court order. [Citations.]  As the Supreme Court observed in *MacPherson v. MacPherson* [(1939)] 13 Cal.2d [271,] 277, 'A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]'  [¶] . . . No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics.*  [Citations.]'"  (*Stoltenberg v. Ampton Investments* (2013) 215 Cal.App.4th 1225, 1229-1230 (*Stoltenberg*).)

Courts have applied the disentitlement doctrine to a wide range of cases, including cases, like the instant one, where an appellant is a judgment debtor who has frustrated or obstructed legitimate efforts to enforce a judgment.  (See, e.g., *Stoltenberg, supra,* 215 Cal.App.4th 1225 [defendants repeatedly, and in contempt of sister-state orders, frustrated enforcement of California judgment that was the subject of their appeal]; *TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377 [appeal dismissed where, despite trial court's order, defendants willfully refused to respond to postjudgment interrogatories].)

B.  Application of Disentitlement Doctrine Here

Plaintiff has repeatedly frustrated defendants' legitimate efforts to enforce their judgment for costs.  When, postjudgment, plaintiff filed a substitution of counsel and began representing herself in propia persona, defendants were unable to serve her with notice of the debtors exam at the address she provided, despite repeated efforts at service. Plaintiff also refused to respond to the written discovery requests defendants served in April 2013 and then again in November 2013.

4

Not only did plaintiff thwart defendant's efforts to enforce the judgment, she flatly disobeyed the trial court's May 6, 2014 order to provide written discovery responses and to pay sanctions. She also ignored this court's November 6, 2014 order to file by December 4 a letter reporting whether she had complied with the May 6 order.

While this court has sympathy for the personal difficulties plaintiff has experienced postjudgment, her conduct "'demonstrates a deliberate effort to achieve a stay of execution of the money judgment against [her] without complying with legal procedures.' [Citation.] Such willful disobedience and obstruction of presumptively valid orders can, and in this case does, provide a basis upon which to dismiss the appeal under the disentitlement doctrine." (*Stoltenberg*, *supra*, 215 Cal.App.4th at p. 1232.)

DISPOSITION

The appeal is dismissed. In the interests of justice, each side shall bear its own costs on appeal.

.