Filed 12/21/15  Pierce v. Belnap CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CONNIE L. PIERCE et. al., | |
| Respondents, | G051433 |
| v. | (Super. Ct. No. 30-2014-00712251) |
| TIMOTHY BELNAP et. al., | O P I N I O N |
| Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Motion to dismiss appeal granted.  Appeal dismissed.

Brown Wegner McNamara and Stephen M. McNamara for Respondents.

Catanzarite Law Corporation, Kenneth J. Catanzarite and Brandon E. Woodward for Appellants.

\*          \*          \*

THE COURT:*

Respondents Connie Pierce and her dental corporation (collectively, Pierce) filed a motion to dismiss the appeal under the disentitlement doctrine. Essentially, Pierce argues appellant Timothy Belnap's repeated willful disobedience of orders of the bankruptcy court and the trial court justify dismissal of the appeal. We agree.

BACKROUND

The underlying case involves the nasty dissolution of a dental partnership between Pierce and Timothy Belnap and his dental corporation (collectively, Belnap). Pierce filed for binding arbitration to dissolve the dental partnership, and for damages for breach of contract, breach of fiduciary duty, and other claims.

On Feb. 25, 2014, after a nine-day arbitration, the arbitrator issued an interim order in favor of Pierce, awarding her approximately $500,000, and setting forth numerous specific orders for the winding up of the partnership. These included that neither partner would copy any computer/electronic records until patients were equitably allocated between them, both partners would have equal access to patient appointments, patient records and all partnership records until winding up was done, and the partners would deposit all receipts into the partnership bank account. The partners were also ordered to refrain from "lobbying" patients regarding their choice of dentist.

*Belnap's efforts to thwart confirmation of arbitration award*

On March 12, 2014, the arbitrator issued a final award (Award), incorporating all the terms of the interim order. The same day the Award issued, Belnap filed a lawsuit against Pierce in San Diego County, seeking to "set aside the written agreements that were the subject of [the Arbitrator's] interim order."

On March 24, 2014, Pierce filed a petition to confirm the Award in Orange County Superior Court. Rather than respond with a petition to vacate the Award, Belnap

_____

*      Before O'Leary, P.J., Aronson, J., and Thompson, J.

2

filed a demurrer based on the pendency of the San Diego action as well as various challenges to the Orange County Superior Court's jurisdiction. Belnap then filed in San Diego County Superior Court a petition to vacate the Award.

Pierce objected to the San Diego petition to vacate on the ground it violated the venue provisions of Code of Civil Procedure section 1292.2. The trial judge in Orange County agreed and overruled the demurrer, stating a party that has submitted to arbitration cannot "derail the arb[itrator's] tentative decis[ion] by filing an action in another county[.]" The trial court denied Pierce's request for sanctions, however, finding that although the demurrer "was not meritorious and may have been the wrong vehicle, . . . it was not frivolous." The trial court continued the hearing on the petition to confirm the Award so Belnap could dismiss the San Diego petition to vacate and refile it in Orange County.

On June 23, 2014, the petition to confirm and the petition to vacate were set for hearing in Orange County Superior Court. The trial court issued a tentative ruling granting the petition to confirm, but one hour before the hearing, Belnap gave notice he had filed a Chapter 11 bankruptcy petition for his dental corporation, a partner in the dental partnership.

*Belnap's contempt citation for willful violation of bankruptcy court order*

Pierce obtained from the bankruptcy court partial relief from the automatic stay, allowing the dental partnership to wind up its affairs and the trial court to rule on the pending petitions to confirm and vacate the Award. The trial court entered judgment confirming the Award on October 24, 2014.

The winding up of the partnership and the bankruptcy proceeded simultaneously. Belnap filed a plan in bankruptcy court agreeing he would cease operating his dental practice and vacate the partnership premises on January 31, 2015. Belnap stated in the plan he would sell his share of the patient charts and files for

3

$145,000 to his son-in-law, a dentist with whom he had been practicing, and pay creditors from the sale proceeds.

On January 29, 2015, the bankruptcy court entered an order (the premises order) stating, "'No patient files are to be taken off the Premises by anyone until further Order of this Court.'" Belnap promptly violated the premises order, removing approximately 1,300 patient files. On February 9, 2015, Pierce moved ex parte in the bankruptcy court for an order to show cause why Belnap should not be held in contempt and the case dismissed for failure to comply with the premises order. After considering Belnap's opposition, the bankruptcy court set the matter for hearing.

In a tentative ruling issued in advance of the February 26 hearing, the bankruptcy court stated its finding "this case should be dismissed for bad faith." [1] The ruling went on to explain in detail why the facts "weigh in favor of finding a bad faith filing. Belnap's violation of the [premises] Order was egregious because the Court had only recently held a hearing on the issuance of that Order . . . . Belnap was not acting for the benefit of the estate but instead personally stealing the records for his own benefit. Belnap is now clearly thwarting state court litigation in a two party dispute about the partnership for no valid bankruptcy purpose since he is misusing debtor property to benefit his personal practice and his son in law's practice."

At the hearing, Belnap consented to the tentative ruling the case should be dismissed. The bankruptcy court ordered dismissal, but retained jurisdiction over the question whether Belnap should be sanctioned and ordered Belnap to show cause at a subsequent hearing why he should not be held in contempt and sanctioned for violating the premises order. After conducting the hearing, the bankrupty court issued an order

[1] Pierce filed a request for judicial notice of two documents from the bankruptcy court file attached as exhibits to the request: certified copies of the order awarding civil contempt sanctions against Belnap and the amended tentative ruling specifically adopted in that order. The court grants the request and takes judicial notice of the two documents.

4

finding Belnap in contempt of court for "knowingly and intentionally violating [the premises order]." The bankruptcy court sanctioned Belnap over $16,000, payable to Pierce.

*Belnap's numerous violations of the Award*

In support of the motion to dismiss, Pierce submitted a declaration establishing Belnap violated numerous specific provisions of the Award. According to the declaration, during the winding up process Belnap violated the Award in the following respects: (1) Belnap copied patient records from the dental partnership computers (violating Award, § 4(f)), (2) transferred the dental partnership's license for its management software, Dentrix, to his son-in-law, without paying any compensation to Pierce (violating Award, § 4(f)), (3) unilaterally closed the dental partnership bank account (violating Award, § 4(l)), and (4) continued to lobby existing patients to follow him rather than Pierce (violating Award, § 4(m)).

Belnap did not dispute these facts in his opposition to the motion to dismiss, but rather filed scattershot evidentiary objections to the relevant portions of Pierce's declaration (¶ 3&4).[2] We find all of Belnap's evidentiary objections lack merit, and accordingly overrule them. Pierce's declaration thus stands as undisputed evidence Belnap committed numerous, specific violations of the Award.

*Belnap's violation of orders to appear for judgment debtor exam*

Pierce asserts Belnap twice disobeyed court orders to appear for a judgment debtor's exam, causing the superior court to issue two bench warrants for his arrest, the first in the amount of $5000 and the second for $50,000. In response, Belnap argues that while he missed the first scheduled judgment debtor's exam, he appeared at the second.

---

[2] Belnap raised all the following objections to paragraphs 3 and 4 of the declaration: hearsay, Evidence Code section 1523 [testimony inadmissible to prove content of writing], "argumentative, is rank speculation, lacks foundation, states facts not in evidence, and misstates facts."

Additionally, he contends his failure to appear at a continued judgment debtor's exam, resulting in issuance of the $50,000 bench warrant, was essentially "no harm, no foul" because his counsel provided all the information requested by Pierce's counsel for determining the extent of Belnap's assets, and the trial court quashed the outstanding warrant.

## DISCUSSION

Pierce argues the appeal should be dismissed under the disentitlement doctrine because Belnap repeatedly violated orders of the trial court and the bankruptcy court. The argument has merit.

In *Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225 (*Stoltenberg*), the court summarized the disentitlement doctrine and its application as follows: "An appellate court has the inherent power, under the 'disentitlement doctrine,' to dismiss an appeal by a party that refuses to comply with a lower court order. [Citations.] As the Supreme Court observed in *MacPherson v. MacPherson* [(1939)] 13 Cal.2d [271,] 277, 'A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]' [¶] . . . No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics.* [Citations.]'" (*Stoltenberg*, *supra*, 215 Cal.App.4th at pp. 1229-1230.)

A recent decision by this court illustrates application of the doctrine where, as here, an appellant willfully disobeys court orders. In *Blumberg v. Minthorne* (2015) 233 Cal.App.4th 1384 (*Blumberg*) a trustee-defendant used funds from her family trust to buy property, taking title in her personal capacity. The trial court found the defendant had mishandled the trust funds and ordered her to re-convey the property to the trust and prepare and file an accounting. The defendant defied the orders: She failed to file an accounting and conveyed the property to her daughter rather than the trust. The

6

defendant appealed the trial court orders and argued they were stayed pending the appeal. (*Id*. at pp. 1388-1389.)

The appellate court found the defendant's flagrant violation of the trial court's orders "despicable" and dismissed the appeal. (*Blumberg,supra*, 233 Cal.App.4th at p. 1391.) The court noted an appellate court has "inherent power" to dismiss under the disentitlement doctrine when a party "refuses to comply with a lower court order." (*Id.* at p. 1390.) Finding the appellant had disobeyed two court orders, the court concluded such willful disobedience justified dismissal of the appeal. (*Id.* at p. 1391; see also *Stone v. Bach* (1978) 80 Cal.App.3d 442, 448 [appeal dismissed under disentitlement doctrine where, after court divided assets of dissolved partnership, appellant defied orders to deposit partnership funds into trustee account and to submit to judgment debtor's exam].)

In the instant case, Belnap engaged in both the "'*willful disobedience*'" and the "'*obstructive tactics*'" that justify dismissal under the disentitlement doctrine.'" (*Stoltenberg*, *supra*, 215 Cal.App.4th at p. 1230.) As for obstructive tactics, Belnap employed numerous improper procedural moves to thwart confirmation of the arbitration award against him, including filing the San Diego lawsuit and petition to vacate the Award, as well as the bankruptcy petition, which the bankruptcy court found to be a bad faith filing.

As for willful disobedience, the bankruptcy court found Belnap committed an "egregious" violation of the premises order, stealing the partnership's patient files for his personal benefit. The bankruptcy court further found Belnap was "clearly thwarting state court litigation in a two party dispute about the partnership[.]" Belnap also violated numerous provisions of the Award (copying electronic records, transferring to his son-in-law the partnership's license to its management software, closing the partnership's bank account and lobbying patients to join him). He also twice failed to comply with orders related to the judgment debtor's exam, resulting in the issuance of two bench warrants.

7

The court in *Stoltenberg*, *supra*, 215 Cal.App.4th 1225, summed up the situation well: "Such willful disobedience and obstruction of presumptively valid orders can, and in this case does, provide a basis upon which to dismiss the appeal under the disentitlement doctrine." (*Id.* at p. 1232.)

We are unmoved by Belnap's assertion dismissal of the appeal as to his dental corporation is unfair because only he, not his wholly owned corporation, defied court orders and was sanctioned. Nor does Belnap gain traction by attempting to distinguish factually the many disentitlement cases cited by Pierce. While the cited case undoubtedly involve distinctive behavior on the part of the respective appellants, all the cases share a crucial common denominator: The appellant in each willfully disobeyed court orders, as did Belnap. We conclude Belnap's conduct merits dismissal of this appeal.

## DISPOSITION

The motion to dismiss the appeal is granted. The appeal is dismissed. Pierce is awarded costs on appeal.

.