Filed 5/17/23  Robertson v. Larkspur Courts CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

<table>
<tr><td>

J. MARTIN ROBERTSON,

     Plaintiff and Appellant,

v.

LARKSPUR COURTS et al.,

     Defendants and Respondents.

</td><td>

A166818

(Marin County
Super. Ct. No. CIV-1504551)

ORDER MODIFYING OPINION
AND DENYING REHEARING

NO CHANGE IN JUDGMENT

</td></tr>
</table>

BY THE COURT:

Appellant J. Martin Robertson's petition for rehearing is denied.


It is ordered that the opinion filed herein on May 2, 2023, be modified as follows:

The third sentence of the last paragraph on page 5 should be changed to read:


Respondents and Robertson filed position statements by the deadline, but two weeks later, he also filed three ex parte applications seeking orders (1) requiring respondents to provide more details about their insurer's claim

1

to need the social security information to comply with Medicare reporting requirements, even though the insurer had already paid him without obtaining that information; (2) requiring respondents to provide information about their form of organization and affiliates so he could ensure a release "of the claims of all named defendants"; and (3) staying the case to permit him to file a federal lawsuit "concerning federal questions that [respondents'] and the [California] courts' decisions have raised."  (Boldface and italics omitted.)

There is no change in the judgment.

Dated:

_____
Humes, P.J.

*Robertson v. Larkspur Courts*  A166818

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| J. MARTIN ROBERTSON,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>LARKSPUR COURTS et al.,<br><br>　　　　Defendants and Respondents. | A166818<br><br>(Marin County<br>Super. Ct. No. CIV-1504551) |

　　　　This is our fourth opinion in this litigation, which has been pending for over seven years.  Rather than resolving the merits of this appeal, however, we dismiss it under the disentitlement doctrine.  That doctrine permits us to "dismiss an appeal where the appellant has willfully disobeyed the lower court's orders or engaged in obstructive tactics," a standard amply met here.  (*Gwartz v. Weilert* (2014) 231 Cal.App.4th 750, 757–758 (*Gwartz*).)

　　　　After discovering mold in his apartment, plaintiff J. Martin Robertson sued several entities, including respondents.[1]  Robertson and respondents entered a stipulation for settlement, and judgment was entered to enforce the

---

[1] Respondents, all of whom were involved in the management of Robertson's apartment complex, are Teachers Insurance and Annuity Association of America, Riverstone Residential Group, LLC, Greystar RS CA, Inc., and Greystar Real Estate Partners, LLC.  The other four named defendants never appeared in the litigation.

stipulation's terms. In 2018, we affirmed the judgment, which awarded Robertson $28,000, required the parties to accept a mutual release, and required Robertson to sign a dismissal of the action with prejudice. (*Robertson v. Larkspur Courts* (May 22, 2018, A152226) [nonpub. opn.] (*Robertson I*).) We also affirmed the trial court's order awarding sanctions to respondents, and we awarded respondents their appellate costs. (*Ibid.*) Two further appeals ensued, the latter of which also resulted in an award of appellate costs to respondents. (*Robertson v. Larkspur Courts* (Jun. 19, 2019, A154206) [nonpub. opn.] (*Robertson II*); *Robertson v. Larkspur Courts* (Oct. 5, 2021, A160942) [nonpub. opn.] (*Robertson III*).)

Respondents paid Robertson the $28,000 they owed him, but he refused to comply with his obligations under the judgment to enter a mutual release and dismiss the lawsuit. He refused to comply with these obligations even though respondents offered not to pursue the sanctions award and both orders awarding appellate costs, no parts of which have ever been paid. In response, the trial court entered an order deeming respondents' proposed release signed by all the parties and dismissing the case with prejudice.

Robertson now appeals from that order, claiming that (1) the trial court lacked authority to deem the release signed; (2) the release was inconsistent with the judgment; and (3) dismissal of the case deprived him of his rights.[2] We agree with respondents, however, that the disentitlement doctrine applies, and we therefore grant their motion to dismiss the appeal.

---

[2] Robertson filed a request for judicial notice of 29 "matters," all of which are federal materials that do not require a request for judicial notice and/or are irrelevant to the remaining issues in this case. Thus, we deny the request in full.

# I.
## BACKGROUND

*A.    Robertson's Previous Appeals*

We begin by summarizing the case's facts and history through our October 2021 decision in *Robertson III*.  Robertson, who is a lawyer, filed this suit in December 2015 alleging that respondents and other entities inappropriately responded to the discovery of mold in his Larkspur apartment.  Robertson and respondents reached a settlement and signed an agreement under which Robertson agreed to dismiss his claims in exchange for $28,000.  In May 2017, the trial court entered judgment to effectuate the settlement's terms.  Robertson unsuccessfully moved to vacate the judgment, and the court awarded $1,280 in sanctions to respondents, concluding that the motion to vacate was frivolous.  The following May, we affirmed the judgment and sanctions order in *Robertson I*.  We also awarded respondents their costs on appeal, which they then sought in the amount of $463.20.

Meanwhile, both before and after the judgment was entered, respondents tried to pay the $28,000 to Robertson, but he refused to provide his social security number and other personal information (social security information), which respondents believed their insurer needed to comply with Medicare reporting requirements.  In February 2018, while *Robertson I* was pending, the trial court granted respondents' motion to enforce the judgment and ordered Robertson to provide the social security information.

Robertson appealed that order, initiating *Robertson II*.  In our June 2019 opinion, we vacated the order on the basis the trial court lacked jurisdiction to enter it while *Robertson I* was pending.  In doing so, we did not reach the merits of Robertson's claim that the court erred by ordering him to disclose the social security information.

3

On remand, Robertson filed motions seeking postjudgment attorney fees, postjudgment costs, and interest on the judgment, and respondents filed a second motion to enforce the judgment. While those motions were pending, respondents' insurer paid Robertson the $28,000 despite his failure to provide the social security information. In August 2020, the trial court denied Robertson's motions and granted respondents' motion to enforce the judgment. The court ordered the parties to "jointly lodge a signed mutual release[,] if they agree on [one,] or . . . each separately lodge a proposed mutual release if they do not agree on [one]." It also ordered Robertson "to sign a standard form Dismissal of Prejudice of this action."

Robertson again appealed, claiming that the trial court lacked jurisdiction to consider respondents' second motion to enforce the judgment and that it erred by denying him postjudgment attorney fees, costs, and interest. In October 2021, we issued our *Robertson III* opinion affirming the court's rulings. In doing so, we explicitly rejected Robertson's challenge to the court's findings that (1) respondents made an "unconditional tender" of the $28,000 settlement payment, despite their request for the social security information before making it; and (2) respondents' delay in paying was due to his "vexatious and obstructionist conduct."

B.    *The Proceedings Leading to This Appeal and Respondents' Motion to Dismiss*

In September 2020, around the time *Robertson III* was initiated, each side submitted a proposed mutual release to the trial court. Respondents' proposed release stated that Robertson and respondents, "along with each of their respective affiliates, predecessor entities, and successor entities . . . , hereby mutually release one another from all claims arising in any way out of, or related to, [Robertson's] occupancy of the [Larkspur] apartment." In an accompanying case management statement, respondents reported that

4

Robertson objected to their proposed release because he wanted (1) "a 'carve-out' " to permit him to pursue "fees/costs/damages/interest allegedly incurred during the [post-settlement] time period where the parties were attempting to negotiate a long-form release agreement" and (2) a term "address[ing] the so-called 'non-appearing' defendants in this matter, including their alleged relationship to the 'appearing' defendants."

Reflecting these demands, Robertson's proposed release stated that Robertson would discharge his claims against respondents "and their affiliates, subsidiary and predecessor entities except" for five categories of claims, including postjudgment interest on the settlement amount, costs and fees incurred litigating the social security information issue, and potential federal and state claims involving that issue. (Boldface omitted.) His release also left spaces for describing respondents' "form of organization" and affiliates.

In summer 2022, several months after the *Robertson III* remittitur issued, respondents filed a case management statement reporting that Robertson continued to refuse to agree to a mutual release and still "ha[d] not paid outstanding sanctions and appellate costs." Respondents also filed another proposed release that was similar to their previous release.

At the case management conference that September, the trial court set an order to show cause (OSC) hearing for October 19, 2022, to address why respondents' proposed release should not be deemed signed by all the parties. It allowed the parties to submit their positions on this issue by September 30. Respondents filed a statement arguing it was appropriate to deem the release signed, but Robertson did not file anything by the deadline. Instead, on October 13, he filed three ex parte applications seeking orders (1) requiring respondents to provide more details about their insurer's claim to need the

5

social security information to comply with Medicare reporting requirements, even though the insurer had already paid him without obtaining that information; (2) requiring respondents to provide information about their form of organization and affiliates so he could ensure a release "of the claims of all named defendants"; and (3) staying the case to permit him to file a federal lawsuit "concerning federal questions that [respondents'] and the [California] courts' decisions have raised." (Boldface and italics omitted.)

On October 17, 2022, the date for which Robertson noticed a hearing on his ex parte applications, the trial court held a hearing and denied all three applications. Two days later, the court held the OSC hearing on its scheduled date. After hearing argument by the parties, the court entered an order "deem[ing] the release as proposed by [respondents] signed by all parties" and dismissing the case with prejudice. Robertson appealed the order on December 15.

Before the appellate record was filed, respondents filed a motion to dismiss the appeal under the disentitlement doctrine. After receiving three extensions of time on his opposition to the motion to dismiss, Robertson filed the opposition in conjunction with his opening brief.

## II.
### DISCUSSION

#### A. *General Legal Standards*

"An appellate court has the inherent power to dismiss an appeal by a party that refuses to comply with a lower court order." (*Gwartz, supra,* 231 Cal.App.4th at p. 757.) "Courts cannot function if their orders and judgments are routinely ignored by litigants or their counsel," and "litigants are [not] free to ignore or refuse to comply with subsequent trial court orders" when their lawful attempts to challenge a court's rulings are unsuccessful. (*Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736,

6

756.) Rather, " '[a] trial court's judgment and orders, all of them, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods.' " (*Ibid.*)

The disentitlement doctrine "is not jurisdictional" but is instead "a discretionary tool that may be used to dismiss an appeal when the balance of the equitable concerns makes dismissal an appropriate sanction." (*Gwartz, supra*, 231 Cal.App.4th at p. 757.) It is based on the principle that " '[a] party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state.' " (*Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1230, quoting *MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277; see *Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 538 [party cannot "seek[] relief from the courts while 'insulating [himself] from the consequences of an unfavorable result' "].)

We may dismiss an appeal under the disentitlement doctrine "where the appellant has willfully disobeyed the lower court's orders or engaged in obstructive tactics," even if the appellant has not been formally held in contempt. (*Gwartz, supra*, 231 Cal.App.4th at pp. 757–758.) The doctrine has been repeatedly applied in cases where the appellant "has frustrated or obstructed legitimate efforts to enforce a judgment" (*id.* at p. 758), and it " 'is particularly likely to be invoked where the appeal arises out of the very order . . . the party has disobeyed.' " (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.) "[T]he merits of the appeal are irrelevant to the application of the doctrine." (*Ibid.*)

B.      *Dismissal Under the Disentitlement Doctrine Is Justified.*

Respondents argue that dismissal under the disentitlement doctrine is warranted because Robertson has violated multiple court orders. These

7

include orders requiring him to dismiss the underlying case with prejudice, sign a standard mutual release, and pay sanctions and appellate costs. Respondents also argue that Robertson violated the trial court's order setting the OSC hearing by filing ex parte applications after the deadline to submit position statements and setting the hearing on those applications two days before the OSC hearing.

We agree with respondents that the equities favor dismissing the appeal under the disentitlement doctrine. We affirmed the judgment requiring Robertson to sign a release and dismiss the action with prejudice almost five years ago. Regardless of whether his position about the social security information was reasonable, by mid-2020 he received the $28,000 settlement payment without having to provide that information. Even though respondents thus fulfilled their primary obligation under the judgment nearly three years ago, Robertson refused to negotiate a mutual release in good faith or take any other action to help finally bring this litigation to a close. By now challenging the mutual release that was deemed signed only because of his intransigence, Robertson is clearly "seeking the benefits of an appeal while willfully disobeying the trial court's valid orders and thereby frustrating [respondents'] legitimate efforts to enforce the judgment." (*Gwartz, supra*, 231 Cal.App.4th at p. 761.)

In arguing otherwise, Robertson reiterates his objections to the mutual release's terms and his views on matters that are not at issue in this case. We decline to address the merits of the appeal, which are irrelevant to application of the disentitlement doctrine, or his ongoing concerns about the social security information. He also claims that respondents have unclean hands because they want to dismiss this appeal "to cover up their ongoing concealment of material information," namely the information about

8

Medicare reporting requirements that he sought below through one of his late-filed ex parte applications. Discovery about the social security information has no conceivable relevance at this point, and we agree with respondents that Robertson's attempt to seek it below violated at least the spirit of the trial court's order permitting position statements before the OSC hearing.

Moreover, as Robertson admits, he has never paid the amounts due under the trial court's July 2017 sanctions order or this court's May 2018 award of appellate costs in *Robertson I*.[3] The failure to pay sanctions and other awards of fees and costs is a common ground for applying the disentitlement doctrine, and we conclude it supports dismissal here. (See, e.g., *Findleton v. Coyote Valley Band of Pomo Indians*, *supra*, 69 Cal.App.5th at p. 757; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 166–167.)

In arguing otherwise, Robertson claims he is not in violation of any court orders since respondents "offered to waive their rights to collect the sanctions and costs" and the mutual release deemed signed is "broad enough to cover releases of [respondents'] claims" for those charges. This position is specious. First, respondents offered to waive the sanctions and costs, which were clearly *not* contemplated under the original stipulation for settlement, to incentivize Robertson to fulfill his obligations to enter a mutual release and dismiss the lawsuit. In other words, his refusal to comply with the judgment was the only reason respondents offered not to seek payment. Second, in this appeal Robertson seeks to overturn the mutual release, which

---

[3] We also awarded respondents their appellate costs in *Robertson III*, but they state that they never pursued those costs "in hopes of mitigating disputes and being done with this case."

9

the trial court deemed signed only after he failed to negotiate in good faith. He cannot simultaneously contend that the very release he challenges insulates him from having to comply with other court orders.

In short, Robertson has persistently refused to comply with the judgment or pay the sanctions and costs he owes respondents. Despite our entreaty in *Robertson I* that he work constructively to resolve this case, he has unreasonably prolonged the litigation while burdening respondents, the trial court, and us with his voluminous filings and meritless arguments. We decline to entertain yet another appeal by someone who displays such disregard for court orders and the legal process.

III.
DISPOSITION

The appeal is dismissed. Respondents are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.




*Robertson v. Larkspur Courts*  A166818


11