[Nos. B076656, B076709. Second Dist., Div. One. Jan. 31, 1994.]

SAY & SAY et al., Plaintiffs and Appellants, v.
ANDREW CASTELLANO et al., Defendants and Respondents.

COUNSEL

James L. Andion for Plaintiffs and Appellants.

Andrew Castellano, in pro. per., and Gary Hollingsworth, in pro. per., and for Defendants and Respondents.

OPINION

SPENCER, P. J.—

### INTRODUCTION

Plaintiffs Say & Say and Liang-Hough Shieh (Shieh) have filed three notices of appeal under the two appellate case numbers referenced *post*: a notice filed on June 1, 1993, and another filed August 2, 1993, under case No. B076656 and a notice filed on June 3, 1993 under case No. B076709. Each of these notices is substantially the same in form, purporting to "appeal . . . from any and all rulings, decisions, judgements [*sic*] and orders . . . rendered, issued or made . . . on and before the date of the filing of this Notice of Appeal, and any and all rulings, decisions, judgements [*sic*] and orders rendered, issued or made by the above entitled court subsequently in connection with, arising under or relating to the above Orders."

On September 9, 1993, Gary Hollingsworth moved to consolidate and dismiss the above referenced appeals (Cal. Rules of Court, rule 42) on the

ground that Shieh is in contempt of court and has not purged the contempt and Say & Say is Shieh's alter ego. Plaintiffs opposed the motion, filing a 131-page opposition to the motion to dismiss and a 4,600-page supporting appendix. One paragraph of the opposition to the motion to dismiss is devoted to the subject of appealability and less than one page responds to the points raised in the motion. No more than four pages of the massive appendix have any pertinence to the motion.

On December 2, 1993, we issued an order to show cause why the appeals should not be dismissed and sanctions should not be imposed, to be heard before this court on December 21.[1] Having read and considered the documents filed and arguments made in this matter, we dismiss the appeals

[1] Plaintiffs suggest that we should make no determination of the merits of the motion to dismiss or the order to show cause, in that they have sued the author of this opinion in United States District Court for the Central District of California in case No. 936547KN. Of course, we must consider the ethical propriety of deciding the merits, a task also before the court in *Say & Say, Inc.* v. *Ebershoff* (1993) 20 Cal.App.4th 1759 [25 Cal.Rptr.2d 703].

We find the discussion of the problem in *Say & Say, Inc.* v. *Ebershoff, supra,* so thoughtful, detailed and reflective of our views that we simply quote it with appropriate modifications: "To begin with, Mr. Shieh and Say & Say, Inc., regularly sue judges or justices . . . . If we were to disqualify ourselves and this case were to be assigned to another division, suit would inevitably be filed against the new justices by Mr. Shieh and Say & Say, Inc. . . . The 'rule of necessity' permits a court of justices who would otherwise be disqualified to decide an issue when no judicial officers are available to decide a case. (*Mosk* v. *Superior Court* (1979) 25 Cal.3d 474, 486-487, fn. 9 [159 Cal.Rptr. 494, 601 P.2d 1030].) More importantly, however, the purpose of the . . . federal court suit was to force this court to disqualify itself. . . . Under these circumstances, recusal may be inappropriate. (*First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 866-867 [261 Cal.Rptr. 116].) Also, none of the grounds for disqualification set forth in [Code of Civil Procedure] section 170.1 exist. We have no personal animus toward Mr. Shieh or Say & Say, Inc., rather we are merely making rulings on the legal and factual issues before this court which is not a ground for disqualification. ([Code Civ. Proc., §] 170.2, subd. (b).)

"Finally, we have carefully considered the due process rights of [plaintiffs] to have [their] case determined by a ' "neutral and detached judge in the first instance" . . . .' (*Concrete Pipe* v. *Pension Trust* (1993) 508 U.S. __ [124 L.Ed.2d 539, 560, 113 S.Ct. 2264].) [The] federal suit is frivolous and no member of this court will undergo the slightest potential liability. Not only have we always acted appropriately towards [plaintiffs], but we are immune from any tort liability. (*Mireles* v. *Waco* (1991) [502] U.S. 9 [116 L.Ed.2d 9, 13-15, 112 S.Ct. 286]; *City of Santa Clara* v. *County of Santa Clara* (1969) 1 Cal.App.3d 493, 498 [81 Cal.Rptr. 643].) Further, [the author of this opinion] will be represented at no cost to [herself] by California's Attorney General. We must recuse ourselves if we would 'be "[un]likely to maintain that calm detachment necessary for fair adjudication." [Citation.]' (*Taylor* v. *Hayes* (1974) 418 U.S. 488, 501 [41 L.Ed.2d 897, 909, 94 S.Ct. 2697].) In determining whether we should disqualify ourselves we must assure the public and the litigants of the following: 'In making this ultimate judgment, the inquiry must be not only whether there was actual bias on [the judge's] part, but also whether there was "such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." ' (*Ibid.*) As noted previously, we are not biased against [plaintiffs]. Further, the lawsuit . . . , filed for the purpose of delay and frustration of the rights of defendants and the public's interest in

pending under case Nos. B076656 and B076709 and impose substantial sanctions against the plaintiffs and their attorney, James L. Andion.

## DISCUSSION

*Case No. B076709*

■ We turn first to the notice of appeal filed on June 3, 1993 in case No. B076709. Of course, as to any order of which plaintiffs received notice before April 3, 1993, the appeal would be untimely. (Cal. Rules of Court, rule 2(a).) From the documents before us, we have been unable to identify any appealable order or judgment which might be within the scope of this notice of appeal. At the December 21 hearing on the order to show cause, we gave plaintiffs' counsel, Mr. Andion, three opportunities to identify specifically an appealable order or judgment. He failed to do so. At this point, we can only conclude that there was no appealable order or judgment rendered or entered between April 3 and June 3, 1993. Accordingly, this appeal must be dismissed for lack of jurisdiction. (*Supple* v. *City of Los Angeles* (1988) 201 Cal.App.3d 1004, 1009 [247 Cal.Rptr. 554]; *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 962 [231 Cal.Rptr. 241].)

■ This is not the first time these plaintiffs have encountered this problem. The vague, generalized notice of appeal used in this instance is the standard form utilized by plaintiffs, notwithstanding the resulting dismissals which repeatedly follow for lack of jurisdiction. (See, e.g., *Shieh* v. *Christopher* (May 1, 1993) B075017 [nonpub. opn.] [dismissed for lack of jurisdiction on June 17, 1993, review den. Sept. 21, 1993]; *Say & Say* v. *Castellano* (Apr. 28, 1993) B075267 [nonpub. opn.] [dismissed for lack of jurisdiction on June 24, 1993, cert. den. Oct. 18, 1993]; *Fulbright & Jaworski* v. *Shieh* (June 19, 1992 and Apr. 26, 1993) B068256, B075640 [nonpub. opn.] [dismissed in part for lack of jurisdiction on Aug. 25, 1993, review den. Oct. 20, 1993]; *Shieh* v. *Christopher* (May 28 and June 3, 1993) B076400 [nonpub. opn.] [dismissed for lack of jurisdiction on Aug. 25, 1993, review den. Nov. 17, 1993].)

Moreover, there is a familiar pattern at work: plaintiffs typically file these notices of appeal from nonappealable orders immediately after the superior

enforcing the vexatious litigant statute does not create an appearance of injustice, if we comply with our own judicial duties to resolve litigation such as the present suit. (*Marshall* v. *Jerrico, Inc.* (1980) 446 U.S. 238, 243 [64 L.Ed.2d 182, 188-189, 100 S.Ct. 1610]; *In re Murchison* (1955) 349 U.S. 133, 136 [99 L.Ed. 942, 946, 75 S.Ct. 623].) We are not 'embroiled' with [the plaintiffs]. (*Taylor* v. *Hayes, supra*, 418 U.S. at pp. 501-503 [969 L.Ed.2d 942, 946, 75 S.Ct. 623].) We are simply dispassionately enforcing California's . . . law. Accordingly, having considered these ethical and constitutional issues, we decline to recuse ourselves . . . ." (*Say & Say, Inc.* v. *Ebershoff, supra*, 20 Cal.App.4th at pp. 1764-1765, fn. 8.)

court indicates it is considering a course of action, and then contend that the court lacks jurisdiction to take the action considered due to the pending appeal or appeals. In this instance, plaintiffs filed the June 3, 1993, notice of appeal shortly after the superior court issued an order to show cause why Shieh should not be held in contempt and on the very day the court was to hear a motion to dismiss the action. Plaintiffs' counsel then argued that the court lacked jurisdiction due to the pending appeal or appeals. Plaintiffs had followed the same course of action in *Shieh* v. *Christopher, supra*. It is clear plaintiffs file these notices of appeal in an effort to thwart the superior court's proper exercise of its jurisdiction, i.e., for purposes of harassment and delay. In short, the notice of appeal filed on June 3, 1993 in case No. B076709 is itself frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

Additionally, the opposition to the motion to dismiss cannot be viewed as anything but frivolous. No real attention is given to the merits of the motion; plaintiffs simply have generated a massive amount of paper in an effort to obfuscate the issue. No reasonably competent attorney could have perceived merit in this approach. Both these plaintiffs and their present counsel have been warned before by this court to abandon their frivolous tactics, and they have been sanctioned for their conduct.[2] For some reason, they continue to ignore the message, as well as the sanctions imposed. In view of their intransigence, we see no alternative on this occasion but to impose very substantial sanctions of $25,000 against each plaintiff and their counsel Mr. Andion, individually and separately.

*Case No. B076656*

■ Every point noted in the previous discussion also applies to the notice of appeal filed on June 1, 1993 in case No. B076656. There does not appear to be any appealable order or judgment within the scope of this notice of appeal; it is clear it was filed to serve the same delaying and harassing purpose as was the June 3, 1993, notice of appeal in case No. B076709 and the opposition to its dismissal is equally frivolous.

■ With respect to the August 2, 1993, notice of appeal, it appears there is an appealable order within its scope. On July 2, 1993, the superior court dismissed the action after Shieh failed to post the vexatious litigant bonds previously ordered and, on August 9, 1993, the court amended the order of

---

[2]*Say & Say* v. *Superior Court* (June 30, 1993) B074229 (nonpub. opn.), review denied September 15, 1993; *Shieh* v. *Superior Court* (June 30, 1993) B074286 (nonpub. opn.), review denied October 25, 1993; *PSJ Corporation* v. *Superior Court* (June 30, 1993) B074282 (nonpub. opn.), review denied September 15, 1993.

dismissal to include Say & Say, the alter ego of Shieh.[3] This, however, does not preclude dismissal.

It is well established that an appellate court may stay or dismiss an appeal by a party who has refused to obey the superior court's legal orders. (*Stone v. Bach* (1978) 80 Cal.App.3d 442, 444, 448-449 [145 Cal.Rptr. 599]; *Tobin v. Casaus* (1954) 128 Cal.App.2d 588, 589-590 [275 P.2d 792, 49 A.L.R.2d 1419].) Dismissal is not " 'a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance' " with a presumptively valid order. (*Stone, supra,* at p. 446.)

Shieh has been adjudged in contempt of court on three occasions in recent months. The superior court found him in contempt in this case and in *Shieh v. Christopher, supra,* on May 28, 1993, and issued bench warrants for his arrest. On April 9, 1993, he had been found in contempt in municipal court for his refusal to appear for a judgment debtor's examination in the case of Rusch v. Shieh, Los Angeles Municipal Court Case No. 805518, and a bench warrant for his arrest also was issued on that occasion. Plaintiffs make no argument that Shieh has attempted to or has purged these contempts. He remains "flagrantly and persistently [in defiance of] court order[s and thus] is not entitled . . . to ask the aid and assistance of a court." (*Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 652 [165 Cal.Rptr. 877, 612 P.2d 967].) This is a more than adequate ground for dismissing the appeal in case No. B076656 as to Shieh.

Moreover, since Say & Say was formed to protect Shieh from the consequences of litigation and has been used to circumvent statutes generally applicable to litigants, it is appropriate to hold the corporation responsible for the acts of the individual in this instance. (*Say & Say, Inc.* v. *Ebershoff, supra,* 20 Cal.App.4th 1759.) That is, Shieh's individual contempts of court also warrant the dismissal of the appeal as to Say & Say.

As noted, *ante,* the opposition to the motion to dismiss is frivolous in form and content, obviously prepared for purposes of obfuscation and delay. The 131-page opposition devotes less than 1 page to a discussion of the foregoing ground for dismissal of the appeals. At no point in that discussion does the opposition mention, let alone discuss, the contempt orders and outstanding bench warrants. No attorney of reasonable competence could have thought this massive mountain of paper had any arguable

---

[3]It is settled that Say & Say is the alter ego of Shieh and, as such, is equally subject to the vexatious litigant statutes. (*Say & Say, Inc.* v. *Ebershoff, supra,* 20 Cal.App.4th 1759.) This is borne out factually by Say & Say's conduct in this and other appeals in which the corporation has filed a notice of appeal even though it is not included in any order which might be deemed appealable.

merit whatsoever. Accordingly, the filing of the opposition merits sanctions. (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.)

As we also noted in our earlier discussion, lesser sanctions awards have been unsuccessful in modifying the frivolous conduct of these parties and this counsel. Accordingly, sanctions of $25,000 are imposed against each of the parties and their counsel, Mr. Andion, individually and separately, for filing a frivolous notice of appeal and a frivolous opposition to dismissal in case No. B076656.

To summarize, Shieh is sanctioned in the amount of $25,000 in case No. B076709 and $25,000 in case No. B076656; Say & Say is sanctioned $25,000 in case No. B076709 and $25,000 in case No. B076656; James L. Andion is sanctioned $25,000 in case No. B076709 and $25,000 in case No. B076656. Two thousand dollars of the sanctions awarded in each case, apportioned among the sanctioned parties, is to be paid to defendants' counsel within 10 days; the balance is to be paid to the general fund of the Second Appellate District forthwith. A copy of this opinion is to be forwarded to the State Bar.

Ortega, J., and Vogel (Miriam A.), J., concurred.

A petition for a rehearing was denied February 23, 1994.