[No. B124376. Second Dist., Div. Five. Apr. 13, 1999.]

TMS, INC., et al., Plaintiffs and Respondents, v.
ISAMU AIHARA et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the specified portions relating to monetary sanctions.

COUNSEL

Hart & Watters, Thomas L. Watters; and Roger N. Golden for Defendants and Appellants.

Fleishman & Fisher, Barry A. Fisher and Michael B. Weisz for Plaintiffs and Respondents.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

In this case, we consider an issue of first impression in California: may an appeal be dismissed for the willful failure of judgment debtors to comply with a court order to answer postjudgment interrogatories? We answer this question in the affirmative. The trial court ordered defendants and judgment debtors, Isamu Aihara, Benmore Company, Inc., and Benmore Trading Corporation, Inc., to respond to written postjudgment interrogatories. The postjudgment interrogatories were served as permitted by Code of Civil Procedure sections 708.020, subdivision (a) and 2030 and were designed to secure information to aid in enforcement of the money judgment against them. Monetary sanctions were also imposed. Mr. Aihara has, according to

the evidence adduced pursuant to rule 41(a) of the California Rules of Court, moved to Japan and refuses to assist his attorneys in answering the postjudgment interrogatories. ▆▆ It is undisputed defendants have willfully refused to comply with that order. Given defendants' willful disobedience of the trial court's order to answer the postjudgment interrogatories, we dismiss their appeal from the judgment.[1]

## II. DISCUSSION

▆▆ It is well settled that this court has the inherent power to dismiss an appeal by any party who has refused to comply with orders of the trial court. (*Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 652 [165 Cal.Rptr. 877, 612 P.2d 967]; *MacPherson* v. *MacPherson* (1939) 13 Cal.2d 271, 277 [89 P.2d 382]; *Knoob* v. *Knoob* (1923) 192 Cal. 95, 96-97 [218 P. 568]; *Alioto Fish Co.* v. *Alioto* (1994) 27 Cal.App.4th 1669, 1682-1685 [34 Cal.Rptr.2d 244]; *Say & Say* v. *Castellano* (1994) 22 Cal.App.4th 88, 94 [27 Cal.Rptr.2d 270]; *Stone* v. *Bach* (1978) 80 Cal.App.3d 442, 444-448 [145 Cal.Rptr. 599]; *Estate of Scott* (1957) 150 Cal.App.2d 590, 591-594 [310 P.2d 46]; *Kottemann* v. *Kottemann* (1957) 150 Cal.App.2d 483, 487-488 [310 P.2d 49]; *Tobin* v. *Casaus* (1954) 128 Cal.App.2d 588, 589-593 [275 P.2d 792, 49 A.L.R.2d 1419]; see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 225, pp. 282-284; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1998) ¶¶ 2:339-2:340, pp. 2-140 to 2-141.) As the Supreme Court explained in *MacPherson* v. *MacPherson, supra,* 13 Cal.2d at page 277: "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]" No judgment of contempt is required as a prerequisite to our exercising the power to dismiss. (*Alioto Fish Co.* v. *Alioto, supra,* 27 Cal.App.4th at p. 1683; *Stone* v. *Bach, supra,* 80 Cal.App.3d at pp. 444-447; *Kottemann* v. *Kottemann, supra,* 150 Cal.App.2d at p. 487; *Tobin* v. *Casaus, supra,* 128 Cal.App.2d at pp. 589-591; see 9 Witkin, Cal. Procedure, *supra,* Appeal, § 225, pp. 282-284, Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra,* ¶ 2:341, p. 2-141.) The power to dismiss an appeal for refusal to comply with a trial court order has been exercised in a variety of circumstances, including: where a parent had taken and kept children out of the state in violation of a divorce decree (*MacPherson* v. *MacPherson, supra,* 13 Cal.2d at pp. 272-273; *Knoob* v. *Knoob, supra,* 192

---

[1]Defendants, Isamu Aihara, Benmore Company, Inc., and Benmore Trading Corporation, Inc., have appealed from the judgment in favor of plaintiffs, TMS, Inc., and F.E.A. Logistics Support Corporation, and the denial of their motions for: an order compelling indemnification of defense expenses and attorney's fees; an equitable setoff; a new trial; and judgment notwithstanding the verdict.

Cal. at p. 96); where a husband had failed to pay alimony as ordered in an interlocutory judgment of divorce (*Kottemann* v. *Kottemann, supra,* 150 Cal.App.2d at pp. 483-484); where a party in a civil action was a fugitive from justice and in contempt of the superior court for failure to appear on criminal charges after being released on bail (*Estate of Scott, supra,* 150 Cal.App.2d at pp. 591-592); and where defendants willfully failed to comply with trial court orders regarding a receivership. (*Alioto Fish Co.* v. *Alioto, supra,* 27 Cal.App.4th at pp. 1682-1685.) Moreover, the inherent power to dismiss an appeal has been exercised in several cases where a party failed or refused to appear for a judgment debtor examination. (*Say & Say* v. *Castellano, supra,* 22 Cal.App.4th at p. 94; *Stone* v. *Bach, supra,* 80 Cal.App.3d at pp. 443-444; *Tobin* v. *Casaus, supra,* 128 Cal.App.2d at pp. 589, 593.)

█ In *National Union* v. *Arnold* (1954) 348 U.S. 37, 44-45 [75 S.Ct. 92, 96, 99 L.Ed. 46], the United States Supreme Court upheld the dismissal of an appeal under similar circumstances against a due process challenge. In *National Union,* a labor union judgment debtor refused to deliver United States government bonds in its possession to a receiver as it had been ordered to do by the Superior Court of the State of Washington. It was adjudged in contempt of the order. The Supreme Court of Washington dismissed the labor union's appeal from the judgment for its refusal to comply with the trial court's postjudgment order. The United States Supreme Court concluded the state courts had not violated the labor union's federal constitutional due process rights. The United States Supreme Court held the dismissal, regarded as "an exercise of a state court's inherent power to use its processes to induce compliance with a supplemental order reasonably issued in aid of execution," did not violate the Fourteenth Amendment due process clause of the United State Constitution. (*Id.* at pp. 44-45 [75 S.Ct. at p. 96].)

It is undisputed the present defendants have willfully refused to comply with the trial court's order that they respond to the postjudgment interrogatories. Mr. Aihara, the sole shareholder of Benmore Company, Inc., of which Benmore Trading Corporation, Inc., is a wholly owned subsidiary, has left this jurisdiction and refuses to obey the trial court's order. Plaintiffs, TMS, Inc., and F.E.A. Logistics Support Corporation, have requested that defendants' appeal from the judgment and postjudgment orders be dismissed. We exercise our inherent power to do so given the willful failure to comply with the order to answer postjudgment interrogatories.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

## III.  DISPOSITION

The appeal of defendants, Isamu Aihara, Benmore Company, Inc., and Benmore Trading Corporation, Inc., is dismissed. Plaintiffs, TMS, Inc., and

*See footnote, *ante,* page 377.

F.E.A. Logistics Support Corporation, are to recover their costs on appeal, jointly and severally, from defendants, Isamu Aihara, Benmore Company, Inc., and Benmore Trading Corporation, Inc.

Grignon, J., and Kriegler, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.