Filed 8/18/22  Mirshojae v. Reghabi CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| HAMID R. MIRSHOJAE et al., | B306298 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. LC105208) |
| v. | |
| ROSS REGHABI, | |
| Defendant and Appellant. | |
| | |
| KHOSRO REGHABI, | B306298 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC106094) |
| v. | |
| HAMID MIRSHOJAE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge. Dismissed.

Ross K. Reghabi, in pro. per., for Defendant and Appellant in L.A. Super. Ct. No. LC105208 and Plaintiff and Appellant in L.A. Super. Ct. No. LC106094.

Miller Barondess, Christopher D. Beatty, Minh-Van T. Do, and Bernadette M. Bolan, for Plaintiffs and Respondents in L.A. Super. Ct. No. LC105208 and Defendants and Respondents in L.A. Super. Ct. No. LC106094.

_____

Khosro Reghabi (also known as Ross Reghabi) appeals from a judgment entered in favor of Hamid Mirshojae, Woodland Hills Medical Clinic I, and Woodland Hills Medical Clinic II against Reghabi and the Reghabi Law Group on two complaints consolidated in the trial court. After the trial court entered judgment and Mirshojae began judgment enforcement efforts, Reghabi violated court orders over the course of 16 months, ultimately resulting in a trial court order finding Reghabi in contempt of court for violations of seven different court orders.

The record indicates, and the trial court concluded, that Reghabi has evaded personal service of multiple types of documents, including orders that he sit for a judgment debtor examination and an order to show cause why he should not be held in contempt for violation of seven post-judgment trial court orders.

Based on Reghabi's violations of the trial court's post-judgment orders, Mirshojae filed a motion in this court to dismiss Reghabi's appeal under the disentitlement doctrine. We will grant Mirshojae's motion and dismiss the appeal.

## BACKGROUND

Reghabi is a California attorney. Though the parties disagree about the timing, Reghabi had a preexisting attorney-client relationship with Ahang Zarin Kelk—Mirshojae's ex-wife—when Reghabi began representing Mirshojae in litigation in 2016. Mirshojae and Kelk divorced in 2010, but Kelk continued to be the office manager for Mirshojae's clinics and the two continued to work together on other business ventures.

Mirshojae is a doctor, owns several clinics (including two that Reghabi named as defendants in his lawsuit against Mirshojae), and had an ownership interest in two properties that were the subject of Mirshojae's suit against Reghabi, Kelk (Mirshojae's ex-wife), and Allen Yadegar (who Mirshojae's complaint identifies as Kelk's fiancé).

According to Mirshojae's complaint against Reghabi, Kelk, and Yadegar, Kelk and Yadegar managed commercial properties owned (at least in part) by Mirshojae until "Mirshojae's relationship with Kelk and Yadegar began to deteriorate" in October 2016.

### A. The Lawsuits

In February 2017, Mirshojae and two entities he owned that held commercial properties filed a complaint (Los Angeles Super. Ct. No. LC105208) alleging in eight causes of action that Kelk and Yadegar were improperly collecting rent and interfering with the properties' relationships with their tenants. The complaint alleged that Kelk and Yadegar had assisted in managing the properties until Mirshojae discovered that the two were embezzling money and were instructed in late 2016 to cease and desist all work for the two properties. The complaint alleged

3

that Kelk and Yadegar continued to attempt to collect rents and to divert the rent money to themselves.

According to the complaint, Reghabi separately represented Kelk in matters related to the transfer of her ownership interests in the two properties to Mirshojae.  The complaint alleged that Reghabi nevertheless "began to provide Dr. Mirshojae advice on his disputes with Kelk."  The complaint alleged that Reghabi had committed legal malpractice, breached his fiduciary duty to Mirshojae, and, together with Kelk, defrauded Mirshojae regarding Mirshojae's dispute with Kelk and Yadegar.

Several months after Mirshojae filed his lawsuit, Reghabi filed a complaint (Los Angeles Super. Ct. No. LC106094) against Mirshojae, Kelk, and two of Mirshojae's clinics alleging in five causes of action that he had been retained to represent them and they had failed to pay legal bills for various matters *unrelated* to Mirshojae's lawsuit against Kelk, Yadegar, and Reghabi.[1]

By order on February 16, 2018, the trial court determined that the matters were related.  By the time the matters were tried, Mirshojae had settled with Kelk and Yadegar, and the only claims remaining in his suit against Reghabi were individual causes of action for breach of fiduciary duty, legal malpractice, and intentional misrepresentation between Mirshojae and Reghabi.

The two matters were tried to the court in February 2020.  During trial, the trial court consolidated the cases.

After trial, the trial court entered judgment in favor of Mirshojae against Reghabi on the causes of action that remained in Mirshojae's complaint (LC105208) and for Mirshojae and his

---

[1] Reghabi's claims against Kelk appear to have been resolved by judgment entered for Reghabi in October 2019.

clinics on Reghabi's complaint for nonpayment of attorney fees (LC106094). The trial court awarded Mirshojae $5,482,269.18 on his complaint against Reghabi and ordered that Reghabi take nothing on his complaint against Mirshojae and the two clinics.

Reghabi filed a timely notice of appeal.

**B. Post-Judgment**

On August 3, 2020, the trial court issued an order for Reghabi to appear for a judgment debtor's examination on August 26, 2020. Mirshojae issued a subpoena for business records with a deadline timed to coincide with the judgment debtor's examination. In a court order detailing some of Mirshojae's judgment collection efforts, the trial court stated: "Despite many attempts by a process server, . . . Mirshojae has been unable to serve Reghabi at his place of business with either the" order or the subpoena. Because Mirshojae could not serve Reghabi, the judgment debtor's examination was continued from August 26, 2020 to October 21, 2020, then again to January 14, 2021, May 12, 2021, June 24, 2021, September 8, 2021, October 8, 2021, and December 21, 2021.

In September 2020, Mirshojae served Reghabi with requests for production of documents; responses were due by October 14, 2020. Reghabi served no responses.

In April 2021, Mirshojae moved the trial court for an order to show cause regarding sanctions for abuse of the discovery process. In May 2021, five days before Mirshojae's motion was set for hearing, Reghabi served responses to the October document requests and an opposition to Mirshojae's motion. At the May 12, 2021 hearing (at which Reghabi did not personally appear), the trial court partially granted Mirshojae's motion, denying the request for an order to show cause, but ordering

5

Reghabi to serve responses and further responses without objections to the discovery requests, to produce responsive documents, and to pay Mirshojae $2,700 in sanctions, all within 20 days of the trial court's order. Mirshojae served a notice of the trial court's ruling on both Reghabi and the attorney who appeared at the hearing for Reghabi. Reghabi did not pay the ordered sanctions and did not serve any further responses to Mirshojae's document requests.

Based on Reghabi's failure to comply with any of the trial court's May 2021 orders, Mirshojae filed a motion on August 3, 2021 requesting an order that required Reghabi to appear in person before the trial court to show cause regarding further sanctions and reporting of sanctions to the State Bar of California, an order requiring Reghabi to provide further responses without objections and all documents responsive to the document requests served in September 2020, and an order that Reghabi be given five days to pay the sanctions imposed in May 2021.

The trial court heard Mirshojae's motion on August 27, 2021. The trial court issued an order to show cause set for hearing on September 28, 2021 regarding imposition of sanctions and requiring Reghabi to appear in person. Despite the trial court's order, Reghabi's counsel "stated in open court that . . . Reghabi would not appear at the next hearing." The trial court also again ordered Reghabi to serve further responses without objections and all documents responsive to the September 2020 document requests. Reghabi served no further responses and produced no other documents. Mirshojae served a notice of the trial court's rulings at the August 27, 2021 hearing on both Reghabi and the counsel who appeared at the hearing for him.

On September 23, 2021, Reghabi filed a "motion to quash order to show cause," which, according to the trial court, "sought an order quashing the [trial court's August 27, 2021 order] insofar as the order directed . . . Reghabi to personally appear" at the hearing on September 28, 2021. "Reghabi did not serve or file anything . . . to show cause re sanctions, and he did not appear in person at the" September 28, 2021 hearing. Instead, the same counsel who had appeared for Reghabi at the two previous hearings again appeared.

At the September 28, 2021 hearing, the trial court ordered Reghabi to pay sanctions to both Mirshojae and the trial court by October 28, 2021. The trial court also issued a further order to show cause at a hearing on October 28, 2021 regarding further sanctions for Reghabi's failure to appear and failure to provide discovery responses. The trial court's order states: "Although [Reghabi's attorney] waived notice, . . . Mirshojae served a notice of ruling."

At the October 28, 2021 hearing, Reghabi again appeared only through counsel. The trial court continued the hearing on Reghabi's motion to quash, and ultimately denied the motion to quash at a hearing on December 20, 2021.

In December 2021, Mirshojae filed an ex parte application seeking an order to show cause why the trial court should not find Reghabi in contempt for violations of the trial court's orders. The trial court granted the ex parte application and set the order to show cause for hearing on January 24, 2022.

The trial court heard the matter on January 24, 2022 and found that Reghabi had "committed seven separate acts of contempt." The trial court's contempt order was based on the following:

- Reghabi's violation of the trial court's May 12, 2021 order to serve responses and further responses to Mirshojae's post-judgment document requests, without objections within 20 days of the trial court's order;

- Reghabi's violation of the trial court's May 12, 2021 order to produce documents responsive to Mirshojae's post-judgment document requests within 20 days;

- Reghabi's violation of the trial court's August 27, 2021 order to "appear, in person, on September 28, 2021 at 8:30 a.m., and to show cause, if any, why the [trial court] should not sanction . . . Reghabi and order him to provide written notice to the State Bar";

- Reghabi's violation of the trial court's August 27, 2021 order to serve further responses to each of Mirshojae's post-judgment document requests without objection within 20 days;

- Reghabi's violation of the trial court's August 27, 2021 order to produce documents responsive to Mirshojae's post-judgment document requests within 20 days;

- Reghabi's violation of the trial court's September 28, 2021 order to provide written notice of sanctions awarded to the State Bar of California within 30 days; and

- Reghabi's violation of the trial court's September 28, 2021 order to appear in person in the trial court on October 28, 2021;

The trial court expressly did *not* include in its contempt order violations of its orders to pay sanctions. Acknowledging that an element of contempt is the contemnor's "ability to comply with the" order at issue, the trial court wrote: "It cannot be determined that . . . Reghabi had the ability to timely pay the

monetary sanctions ordered . . . because . . . Reghabi refuses to disclose his financial information which underlies the discovery, the judgment debtor's examination[,] and this order to show cause hearing."

Mirshojae moved this court for an order dismissing Reghabi's appeal based on the disentitlement doctrine. (See *Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1229-1230 (*Stoltenberg*).)

## DISCUSSION

"An appellate court has the inherent power, under the 'disentitlement doctrine,' to dismiss an appeal by a party that refuses to comply with a lower court order. [Citations.] As the Supreme Court observed . . . [citation], 'A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]' " (*Stoltenberg, supra*, 215 Cal.App.4th at pp. 1229-1230; *TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377, 379 (*Aihara*).) "No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics*. [Citation.]' " (*Stoltenberg*, at p. 1230; *Aihara*, at p. 379.)

"The power to dismiss an appeal for refusal to comply with a trial court order has been exercised in a variety of circumstances, including: where a parent had taken and kept children out of the state in violation of a divorce decree [citations]; where a husband had failed to pay alimony as ordered in an interlocutory judgment of divorce [citation]; where a party in a civil action was a fugitive from justice and in contempt of the superior court for failure to appear on criminal charges after

9

being released on bail [citation]; and where defendants willfully failed to comply with trial court orders regarding a receivership. [Citation.] *Moreover, the inherent power to dismiss an appeal has been exercised in several cases where a party failed or refused to appear for a judgment debtor examination.*" (*Aihara, supra*, 71 Cal.App.4th at pp. 379-380, italics added.)

In *Stone v. Bach* (1978) 80 Cal.App.3d 442, 448, for example, the Court of Appeal concluded that the appellant's behavior "demonstrate[d] a deliberate effort to achieve a stay of execution of the money judgment against him without complying with legal procedures." The court found this conduct "intolerable." (*Ibid.*) In that case, the appellant explained at oral argument that "his reason for refusal to comply with the trial court's orders to deposit partnership funds into trust and to be sworn for examination was that *the orders and the judgment of the court* [*were*] *invalid*, as he [would] assertedly demonstrate during the appeal." (*Ibid.*, italics added.) The Court of Appeal called this "*the worst kind of bootstrapping*," explaining that "[a] trial court's judgment and orders, *all of them*, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods." (*Ibid.*, italics added.)

Reghabi argues that this case is not appropriate for dismissal because Mirshojae's efforts to enforce his judgment "have not been completely obstructed." Reghabi contends that he has "substantially complied" with the trial court's orders, and that his "substantial compliance" distinguishes this case from dismissals of other appeals under the disentitlement doctrine.

To support his argument, Reghabi presents two facts. He first argues that he provided responses to Mirshojae's post-

judgment requests for production of documents (days before the trial court was to hear Mirshojae's motion to compel responses). And second, Reghabi points out that Mirshojae has been able to enforce *part* of the judgment. Mirshojae appears to have made an unopposed motion to have the judgment that had been entered against *Kelk* in *Reghabi's* lawsuit assigned to Mirshojae. And Mirshojae appears to have secured an order allowing him to sell Reghabi's interest in a piece of property.

What Reghabi presents as "substantial compliance" does not constitute substantial compliance with *any* trial court order.

The discovery responses Reghabi ultimately produced were not produced in response to the requests for production of documents that was served on September 11, 2020. Nor were they served in response to *any* court order. Rather, they were served in response to Mirshojae's *motion to compel responses* in what appears to have been an effort to forestall a court order. The trial court's order notes that Reghabi "contends that the motion [to compel] is moot as he served responses to the subject discovery on 5/5/21." The hearing was set for May 12, 2021, and Reghabi served responses on May 5, 2021.

Nevertheless, the trial court reviewed the responses, noted that they included objections that had been waived by the untimeliness of the responses, and were otherwise *deficient*. The trial court granted the motion to compel responses and further responses without objections within 20 days of the trial court's order. The trial court's order on Mirshojae's *further* motion to compel indicates that Reghabi never served any further responses or otherwise attempted to comply with the trial court's May 12, 2021 order *until August 18, 2021 in advance of an August 27, 2021 hearing*, when Reghabi again served

11

supplemental responses.  The trial court analyzed the responses, and noted that they still contained objections, they were "still insufficient," and then identified specific ways in which responses "lack credibility and are evasive."  The trial court *again* ordered Reghabi to produce code-compliant responses and responsive documents within 20 days.  No further responses were ever served.

Serving obviously defective and evasive discovery responses for no purpose other than to forestall hearings on motions to compel that the trial court concluded "lack credibility and are evasive" does not constitute compliance or substantial compliance with the trial court's orders.  Indeed, in each instance, the orders that Reghabi violated were not entered until *after* Reghabi had attempted game the system by serving defective and deficient responses.

Additionally, that the trial court granted Mirshojae's motions to transfer certain of Reghabi's assets to Mirshojae does not constitute substantial compliance on Reghabi's part of *any* of the various court orders that Reghabi chose to ignore.  *Those* orders have never been at issue.  And *not obstructing orders where one has no ability or power to obstruct is not the same thing as compliance or substantial compliance with orders one is required to affirmatively act to obey*.  Nothing was required of Reghabi for the trial court to enter or enforce the transfer orders that Reghabi uses to support his "substantial compliance" argument; there was nothing for Reghabi to comply with.

Finally, Reghabi argues that because he has raised legal challenges to the trial court's jurisdiction to require that he appear in person, "[i]t cannot be said [that he] *willfully* obstructed judgment enforcement."  This is the argument that

12

the Court of Appeal in *Stone v. Bach, supra,* 80 Cal.App.3d 442, referred to as "the worst kind of bootstrapping." (*Id.* at p. 448.) As that court said, "[a] trial court's judgment and orders, *all of them*, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods." (*Ibid.*)

Here, Reghabi has violated a host of court orders. The record demonstrates that he has evaded personal service *so he could argue that he has not been personally served*, refused to respond to post-judgment discovery requests, served defective and deficient responses mere days before hearings on motions to compel *so that he could argue (unsuccessfully) that the motions were moot*, refused to comply with court orders to appear in court, and has made no attempt to comply with court orders requiring payment of sanctions or reporting of sanctions to the State Bar of California.

Reghabi has demonstrated that he will not obey court orders with which he disagrees. As in *Tobin v. Casaus* (1954) 128 Cal.App.2d 588, 593, we see an appellant who is "unwilling to respond to a court order with which he disagrees, but seeks to obtain on appeal a conclusion with which he may be satisfied." We will grant Mirshojae's motion to dismiss the appeal.

## DISPOSITION

The appeal is dismissed. Respondents are entitled to their costs on appeal. The clerk of this court is directed to forward a

certified copy of this opinion to the State Bar of California to the attention of the Office of the Chief Trial Counsel.

NOT TO BE PUBLISHED


                                        CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.