Filed 3/25/25  Marriage of Vasek CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of NANCY WAHAMAKI and ANTHONY GABRIEL VASEK. | |
| NANCY WAHAMAKI VASEK, Respondent, v. ANTHONY GABRIEL VASEK, Appellant. | G063342 <br><br> (Super. Ct. No. 22D003831) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Yolanda V. Torres, Judge. Affirmed. Motion to augment denied.

Anthony Gabriel Vasek, in pro. per., for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica Barbero for Respondent.

\*          \*          \*

Anthony Gabriel Vasek (Anthony) appeals from an order declaring him a vexatious litigant and subjecting him to a prefiling requirement under Code of Civil Procedure section 391.[1] We find no abuse of discretion in the trial court's determination that Anthony should be designated a vexatious litigant and subject to a prefiling order. None of the other issues Anthony attempts to raise are reviewable in this appeal. The court's order, accordingly, is affirmed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is an ongoing marital dissolution case. Anthony and Nancy Wahamaki Vasek (Nancy)[2] were married in 2017. In June 2022, Nancy filed a petition for dissolution. She also sought a domestic violence restraining order (see *Vasek v. Vasek* (Apr. 19, 2024, G062023) [nonpub. opn.] (*Vasek I*).) The restraining order was granted.

Anthony filed numerous papers and motions between June 2022 and June 2023. In June 2023, Nancy filed a motion to deem Anthony a vexatious litigant. The motion sought a prefiling order. The motion listed the following papers and motions that were meritless or used improper tactics:

1) September 15, 2022, Ex Parte Motion for Nunc Pro Tunc Order. The motion purported to include approximately 40 exhibits. The trial court declined to rule on this motion because it was not properly before the court.

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

[2] Due to their common surname, we refer to the parties by their first names for the ease of the reader. (*In re Marriage of Smith* (1990) 225 Ca1.App.3d 469, 475–476, fn. 1.)

2) November 10, 2022, Declaration Regarding Supporting Exhibits and November 14, 2022, "Notate Bene," which apparently were attempts to make exhibits not admitted in the domestic violence hearing part of the record.

3) November 14, 2022, motion to "cease and desist and sanctions," which was denied in March 2023, because "[t]here are no grounds to grant relief requested."

4) Various letters to this court and the superior court, which are not included in the record.

5) March 14, 2023, motion for disqualification of trial judge. The motion stated the trial judge harbored "singular bias that emanated from [the trial judge's] overexuberant and reckless support of #METOO sentiments and her reckless exploitation of Respondent's in-pro-per status." The motion was stricken as untimely, for lack of proper service, and for demonstrating no legal grounds for disqualification.

6) April 4, 2023, writ petition on disqualification motion, summarily denied by this court.

7) May 3, 2023, motion to quash subpoenas, which was denied.

8) May 30, 2023, motion for an evidentiary hearing "on a subornation of perjury and related acts," which was denied for lack of legal grounds for the request.

Following a hearing, on September 5, 2023, the court granted the request to designate Anthony a vexatious litigant and issued a prefiling order. Anthony filed the instant appeal.

3

## DISCUSSION

## I.

### Scope of this Appeal

Anthony's notice of appeal in this case, filed on October 31, 2023, stated he was appealing from an order entered on September 5, 2023. The only two orders filed that day, according to the record, were the "Order Deeming Respondent, Anthony Gabriel Vasek, a Vexatious Litigant," and the VL-100 form, the standard prefiling order for vexatious litigants. No other orders were indicated in the notice of appeal.

Anthony's opening brief argues that the trial court also erred in granting two requests for sanctions and an attorney fee order. Because these orders were not included in the notice of appeal, they cannot be considered. "'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.'" (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073; see *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.) "'[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.'" (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43.) Accordingly, neither of the sanctions orders nor the attorney fees order is reviewable in this appeal.[3]

---

[3] Nancy contends we should not consider the vexatious litigant order either, because Anthony did not appeal from the final order. We disagree. We liberally construe the notice of appeal when it is sufficiently clear. (*Cotty v. Trader* (1996) 50 Cal.App.4th 765, 768.) We deem this appeal to be from the final order.

Moreover, despite Anthony's insistence that "core issue[s]" require resolution, this appeal will not revisit any of the court's earlier orders. Those orders are final. They are not subject to reconsideration in this appeal.

Thus, this appeal is limited to the sole issue of whether the vexatious litigant order was properly granted.

## II.

### MOTION TO AUGMENT

Anthony has submitted requests to consider four documents. We treat these requests as a motion to augment the record. All of the documents Anthony seeks to include in the record in this appeal are dated after the order appealed from in this case.

The record may only be augmented by documents that were before the superior court. (Cal. Rules of Court, rule 8.155(a)(1)(A).) Augmentation cannot be used to place documents before this court that were not before the trial court at the time it considered the order now appealed from. In our prior opinion, *Vasek I, supra,* G062023, augmentation was denied on the same grounds. Anthony must take note of this rule in any future appeals. The motion to augment is denied.

## III.

### DISENTITLEMENT DOCTRINE

Nancy argues we should decline to hear this appeal based on the disentitlement doctrine. "An appellate court has the inherent power, under the 'disentitlement doctrine,' to dismiss an appeal by a party that refuses to comply with a lower court order. [Citations.] As the Supreme Court observed in *MacPherson v. MacPherson* [(1939)] 13 Cal.2d [271,] 277, 'A party to an action cannot, with right or reason, ask the aid and assistance of a court in

hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]' [¶] . . . [An] equitable rationale underl[ies] the doctrine. '"Dismissal is not "'a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance"' with a presumptively valid order."'" (*Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1229–1230.) "No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics*.' [Citations.] The doctrine 'is based upon fundamental equity and is not to be frustrated by technicalities.'" (*Id.* at p. 1230.)

Nancy points to a number of court orders and asserts Anthony has refused to comply with them. These include a March 27, 2023, order to exchange Income and Expense Declarations by May 11; a March 27, 2023, order to answer without objection requests for production of documents and form interrogatories; a March 27, 2023, order to pay Nancy sanctions of $5,000 forthwith; an August 25, 2023, order to pay Nancy sanctions of $2,500 by September 1; and a November 3, 2023, order to pay Nancy $75,000 in attorney fees by November 10.

In response, Anthony states: "With regard to the first five orders, Appellant deemed his refusals to be necessary and appropriate in protecting his privacy pending appeal. . . . Indeed, Appellant was aware that the injuries he would suffer as a result of a violation of his privacy would be *irreversible* . . .; and so, he had staunchly and consistently argued that the topic of his finances was off limits until the annulment issue was disposed of fully."

6

Only two of the orders addressed discovery issues. And the decision to comply or not to comply was not Anthony's. Willful refusal to comply with discovery orders is grounds for application of the disentitlement doctrine. (*TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377.) There is also no pending appeal where these discovery orders have been properly noticed and raised, so his claim that he was refusing to comply "pending appeal" is without merit.

Anthony does not address the sanctions orders at all, and offers no excuse for his refusal to pay. "'A trial court's judgment and orders, all of them, are presumptively valid and must be obeyed and enforced.'" (*Stoltenberg, supra,* 215 Cal.App.4th at p. 1231.) Anthony's request to stay the sanctions order pending appeal of the August 25, 2023, order was explicitly denied by the court.

With respect to the attorney fees order, Anthony argues: "As for the $75,000 in attorney fees, Appellant had consistently argued that said award amounted to judicially imposed masochism that argued in favor of Respondent's disentitlement to any such award, given Respondent's participation in a subornation of perjury and her having subsequently given false testimonies, both of which are now easily proven to have been perpetrated with malice aforethought. In Appellant's eyes, his refusal to pay the $75,000 in attorney fees was proper pending appeal."

While Anthony's "eyes" are not relevant, section 917.1 stays enforcement of an attorney fees order while an appeal is pending. But there is

no appeal of the attorney fees order pending.[4] As stated above, the attorney fee order is not a part of this appeal, and there is no other pending appeal where the attorney fee order has been properly noticed. Accordingly, a pending appeal is not a defense to Anthony's decision to ignore the court order. But given that Anthony, perhaps, believed he was appealing the attorney fee order in the instant appeal, we do not find this refusal willful.

That still leaves four court orders with which Anthony has willfully refused to comply. Application of the disentitlement doctrine is a close call, but we exercise our discretion not to apply it in this appeal. That does not mean, however, that if Anthony continues to refuse to comply with any or all of these orders, that we will not apply the doctrine in future appeals. Disentitlement will be given serious consideration in the future if he continues to ignore court orders. Nancy is free to raise this issue again.

IV.

VEXATIOUS LITIGANT ORDER

*A. Statutory Framework*

The California Legislature adopted the vexatious litigant statutes (§§ 391-391.7) "'"to curb misuse of the court system"' by "'persistent and obsessive' litigants."'" (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 618.) "[A] "'[v]exatious litigant"' is one who, proceeding in propria persona, 'repeatedly relitigates or attempts to relitigate' matters already finally determined against them or 'repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in

_____

[4] The only other appeal pending in this matter is from a May 28, 2024, order granting Nancy's request to renew the restraining order against Anthony and to make the restraining order permanent. (See *Vasek v. Vasek* (Sept. 4, 2024, G064441) [order].)

8

other tactics that are frivolous or solely intended to cause unnecessary delay' . . . . [Citation.] "'Litigation'" for purposes of section 391 means 'any civil action or proceeding, commenced, maintained or pending in any state or federal court.'" (*Ibid.*)

The statutory scheme provides two sets of remedies. In pending litigation, the defendant may move for an order requiring a vexatious litigant to furnish security to maintain an action. (§ 391.3, subd. (a).) It is the second remedy, the prefiling requirement set forth in section 391.7, that concerns us here.

""Section 391.7 'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.]" . . . [¶] Section 391.7 . . . added a powerful new tool designed "to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.""" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345.) "This prefiling requirement 'does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.'" (*In re Marriage of Deal, supra,* 45 Cal.App.5th at p. 618.)

*B. Standard of Review*

"'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence.'" (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498–1499.) "In applying this standard of review, we 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its

9

favor . . . .'" (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1096.) We presume the order is correct and imply necessary findings to support the order. (*Holcomb*, at pp. 1498–1499.)

Anthony did not request a statement of decision. He cannot, therefore, contest the trial court's reasoning or complain it did not sufficiently set forth its reasons. Absent a statement of decision, we presume the court decided in favor of the prevailing party on all relevant issues. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133–1134.) "The doctrine of implied findings requires the appellate court to infer the trial court made all factual findings necessary to support the judgment." (*Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.)

*C. Anthony Qualifies as a Vexatious Litigant*

There was ample evidence before the trial court that Anthony qualified as a vexatious litigant. According to the court, he had attempted to relitigate the domestic violence restraining order on multiple occasions, filing "approximately 11 pleadings" where he had attempted to show that Nancy and/or her counsel had committed perjury. At the hearing on the vexatious litigant order, Anthony contended that "my arguments are consistent with my position. You can't call that unmeritorious or that it's frivolous or spurious."

Anthony is incorrect. Once a court has decided an issue, repeated efforts to assert the losing "position" in an apparent attempt to change the court's mind are, indeed, spurious and unmeritorious. The finality of court rulings is the only thing that keeps litigation from becoming Dickensian. The refusal to respect that basic precept demonstrates a fundamental misunderstanding of the role of advocacy in our court system, as well as disrespect for that system. It is not the role of litigants to ignore court orders

10

to respond to discovery, to pay sanctions, to complete income and expense declarations, and any other tasks that are necessary to move the case along. Anthony is the reason this case has become longstanding and burdensome for Nancy.

The trial court correctly found that Anthony had "filed multiple motions and pleadings that are unauthorized, meritless, and frivolous, and you continue to argue rulings made by the court which are unnecessary to determine the current issue of litigation. Your most recent conduct shows your intent to continue with this pattern. The court believes you're going to continue with this pattern of filing frivolous motions and pleadings without regard to statutory authority of the filing; and you're going to relitigate past orders and arguments . . . ." This order was within the court's authority, supported by substantial evidence, and not an abuse of discretion.

Anthony seems to contend, for the first time in his reply brief, that he cannot be subject to a prefiling order in this case because Nancy is the "petitioner" in the trial court. Under *John v. Superior Court* (2016), 63 Cal.4th 91 (*John*) he argues, only a "plaintiff" can be subject to a prefiling order. He fundamentally misapprehends the holding in *John*.

First, the court in *John* discussed only the limits of prefiling orders as pertinent to *appeals*, which were not the subject of the order at issue here. *John* was also crystal clear that "[s]ection 391 does not prohibit a Court of Appeal from declaring a defendant appellant or writ petitioner to be a vexatious litigant in the first instance during the course of an appeal from litigation the defendant or writ petitioner did not file." (*John, supra,* 63 Cal.4th at p. 99.) The same rule, it follows, applies to the trial court. Therefore, *John* does not prevent Anthony, or any responding party, from being declared a vexatious litigant.

11

Second, *John* held that "[s]ection 391.7's prefiling requirements do not apply to a self-represented vexatious litigant's appeal of a judgment or interlocutory order in an action in which he or she was the defendant." (*John, supra,* 63 Cal.4th at p. 100.) The order Anthony appeals from does not state otherwise. It states: "It is ORDERED that Respondent is prohibited from *filing any new litigation* in pro per in any court in this State without first obtaining permission from the presiding judge or presiding justice of the court where the filing is proposed as set forth in . . . [s]ection 391.7." (Italics added.) Anthony, as evidenced by this appeal's existence, has not been prevented, by virtue of the prefiling order, from appealing the trial court's orders in this matter.[5]

Given the state of the evidence, we conclude the court was well within its discretion to find Anthony met the definition of a vexatious litigant. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971.)

---

[5] Anthony also cites *Ogunsalu v. Superior Court* (2017) 12 Cal.App.5th 107. That case discussed the designation of a party as a "plaintiff" or "defendant" in the context of administrative and writ proceedings. It is not relevant here.

## DISPOSITION

The trial court's order is affirmed. Anthony's motion to augment is denied. Nancy is entitled to her costs on this appeal.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


SCOTT, J.